**Sharon LEMLY, Plaintiff-Appellant,**

v.

**TRANS WORLD AIRLINES, INC.,
Defendant-Appellee.**

**No. 271, Docket 86–7596.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 27, 1986.

Decided Dec. 3, 1986.

---

1. If the parties cannot agree on the amount, we will fix it on application of plaintiff.

Donald I. Marlin, New York City (Alan J. Konigsberg, Levy Phillips & Konigsberg, New York City, of counsel), for plaintiff-appellant.

Thomas E. Mehrtens, New York City (John M. Downing, New York City, of counsel), for defendant-appellee.

Before MESKILL, MINER and ALTIMARI, Circuit Judges.

## PER CURIAM:

Plaintiff Sharon Lemly appeals the dismissal of her Warsaw Convention claims against defendant Trans World Airlines (TWA). The United States District Court for the Southern District of New York, Lowe, J., granted TWA's motion for summary judgment on the ground that no contract for international travel was formed between Lemly and TWA. We affirm.

## BACKGROUND

Lemly obtained employment in Saudi Arabia as a nurse. Her employer arranged for her transportation by purchasing two airline tickets through a travel agency. The first ticket was for a TWA domestic flight from Baltimore, Maryland to Kennedy International Airport in New York on September 8, 1983. The second ticket was for a Saudi Arabia Airlines international flight from Kennedy International Airport to Saudi Arabia on September 9, 1983. Each ticket contained a boilerplate notice warning international passengers that the carrier's liability was limited by the Warsaw Convention. On September 8, 1983, while boarding the TWA domestic flight, Lemly fell and was injured.

This action was brought by Lemly alleging negligence and strict liability in that the Warsaw Convention applied to the domestic leg of her journey. The district court granted partial summary judgment for TWA dismissing Lemly's Warsaw Convention claim. Lemly's negligence claims were dismissed by stipulation of the parties. This appeal followed.

## DISCUSSION

The Warsaw Convention[1] and Montreal Agreement[2] provide for strict liability for injuries to passengers aboard international air flights but limit the amount of damages recoverable from the carrier involved. Lemly relies principally on our decision in *Stratis v. Eastern Air Lines*, 682 F.2d 406 (2d Cir.1982), for the proposition that the Warsaw Convention applies to the domestic portion of her flight. In *Stratis*, we held that a passenger was bound by the Warsaw Convention where he was aware of the international character of the flight, even though he was injured on the domestic portion of the flight and even though an international ticket had not yet been delivered to him.

Our *Stratis* decision, however, did not focus on whether the parties formed a contract for international travel but rather on

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12, 1929, adhered to by the United States, June 27, 1934, 49 Stat. 3000, 3014, *reprinted in* 49 U.S.C. following § 1502.

2. Agreement Relating to Liability Limitations of the Warsaw Convention and the Hague Protocol, Agreement CAB 18900, approved by CAB Order No. E–28680, May 13, 1966, 31 Fed.Reg. 7302 (1966).

whether the ticket delivery requirements of the Warsaw Convention were satisfied. *Id.* at 412–14. The plaintiff in *Stratis* sought to avoid the Warsaw Convention by claiming that his international ticket was never delivered. The specific facts of the case, however, indicated that Stratis was aware of the international character of the journey. The domestic ticket issued to Stratis contained the Warsaw Convention notice. In addition, the international flight was scheduled to depart shortly after the domestic flight arrived. Finally, the Immigration and Naturalization Service required Stratis to complete his international travel as a condition to his admission into the United States. Based on Stratis' awareness of the international character of his flight, we held that the ticket delivery requirement of the Warsaw Convention was satisfied.

*Stratis* is of no avail to Lemly. Unlike *Stratis*, the issue here is whether a contract for international travel between plaintiff and defendant was actually formed. No issue of contract formation arose in *Stratis*. There, unlike here, the domestic carrier's knowledge of the international aspect never was questioned.

To form a contract for international travel, the Warsaw Convention requires that both parties contemplate international travel.[3] Lemly has made no showing that TWA was aware of her subsequent travel plans. Her employer purchased separate tickets in separate transactions on different days. Lemly's international departure was scheduled a full day after her arrival on the domestic flight. Moreover, the international leg of Lemly's flight was to be on a different airline. There was no showing that TWA knew that Lemly would be departing on an international flight with a different airline on September 9, 1983. If one party does not contemplate international travel, no contract for international travel is formed. Accordingly, the Warsaw Convention would not apply to Lemly's domestic flight with TWA. There being no material issue of fact for trial, the granting

3. *See* Note 1, *supra,* Art. I(2), (3).

of TWA's motion for summary judgment was proper. The judgment of the district court is affirmed.