**Christel Gisela SOPCAK, Milan Sopcak, Sara June Sopcak, Libuse Mlcoch, Jaraslav Lutz Maryska, et al., Plaintiffs–Appellants,**

v.

**NORTHERN MOUNTAIN HELICOPTER SERVICE, Defendant–Appellee.**

No. 93–35030.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 1994.

Decided April 21, 1995.

Gerald C. Sterns, Dennis R. Lods, and Francesca Bannerman, Sterns, Walker & Lods, San Francisco, CA, for plaintiffs-appellants.

Gregory W. Lessmeier, Hughes & Thorsness, Juneau, AK, Mark A. Dombroff and Edward C. DeVivo, Katten, Muchin & Zavis, New York City, for defendant-appellee.

Before: POOLE, BRUNETTI, and KLEINFELD, Circuit Judges.

POOLE, Circuit Judge:

Appellants appeal the district court's Fed. R.Civ.P. 12(b)(1) dismissal of their wrongful death and personal injury action brought under the Warsaw Convention.[1] Appellants contend that the district court erred by concluding that it lacked subject matter jurisdiction before allowing them to conduct discovery and holding an evidentiary hearing on the question of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

Appellants include the survivor of a February 7, 1990 helicopter crash and the relatives of several passengers who died in the crash. The helicopter, owned and operated by Appellee Northern Mountain Helicopter, Inc. (Northern Mountain), was flying from Johnny Mountain Mine, a gold mine, in British Columbia to an airport in Wrangell, Alaska. At the airport, the passengers, all mine employees, planned to transfer to a waiting plane, owned and operated by Canada West Air, and continue on to Vancouver, British Columbia. Skyline Gold Corporation, the employer, paid for and arranged the flights with two separate charter services. North-

ern Mountain flew miners on a shuttle flight from Johnny Mountain to Wrangell, on either a fixed-wing aircraft or helicopter, depending on the weather. Canada West Air flew miners from Wrangell to Vancouver and back again on a fixed-wing aircraft.

II

■ We review de novo the district court's dismissal for lack of subject matter jurisdiction. *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). The plaintiffs bear the burden of proof for establishing jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 912 (9th Cir.1990). We review for an abuse of discretion the district court's ruling regarding discovery. *Smith v. Hughes Aircraft Co.,* 22 F.3d 1432, 1441 (9th Cir.1993).

Article 28(1) of the Warsaw Convention prescribes the four forums in which a suit may be brought:

An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either [1] before the court of the domicile of the carrier or [2] of his principal place of business, or [3] where he has a place of business through which the contract has been made, or [4] before the court at the place of destination.

The parties agree that the fourth forum regarding the place of destination in Article 28(1) is the only possible basis for jurisdiction.

Here, Appellants brought this suit in Alaska, alleging that Wrangell, Alaska was the "place of destination" of the Northern Mountain helicopter that crashed. The district court analyzed the situation from the viewpoint of the passengers, and held that their destination was Vancouver, and therefore that plaintiffs had failed to allege subject matter jurisdiction under Article 28(1) and the suit must be dismissed. Although the passengers intended to continue on to Van-

---

1. Convention for Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876, *reprinted in* 49 U.S.C. § 1502 note (1976).

couver by plane, the helicopter itself was going no farther than Wrangell.

■ The Warsaw Convention provides that some transportation conducted on more than one carrier can be considered one undivided trip:

> Transportation to be performed by several successive air carriers shall be deemed, for the purposes of this convention, to be one undivided transportation, *if it has been regarded by the parties as a single operation,* whether it has been agreed upon under the form of a single contract or a series of contracts....

Article 1(3) (emphasis added).

The Appellants contend that the district court erred by focusing solely on the passengers' intent to reach Vancouver in ascertaining their final destination. Instead, the Appellants argue that the district court also should have examined the contracts for transportation arranged by Skyline to determine if the shuttle run to Alaska constituted a separate flight or merely an intermediate stopping point on the way to Vancouver. The question of how to determine the "final destination" for purposes of the Warsaw Convention is an issue of first impression in this circuit.

The Fifth and Second Circuits have held that the "destination" should be determined by focusing on the intent of the parties as expressed in the contract for transportation. *See Swaminathan v. Swiss Air Transport Co.,* 962 F.2d 387, 389 (5th Cir.1992); *Petrire v. Spantax, S.A.,* 756 F.2d 263, 265 (2d Cir.), *cert. denied,* 474 U.S. 846, 106 S.Ct. 136, 88 L.Ed.2d 112 (1985). While a passenger's intent is accorded considerable weight in ascertaining the final destination, "[w]hen a contract is unambiguous, the instrument alone is taken to express the intent of the parties." *Swaminathan,* 962 F.2d at 389.

Because we conclude that such an approach is mandated by the language of Article 1(3), we join our sister circuits and hold that the intention of the parties as expressed in the contract of transportation, i.e., the ticket or other instrument, determines the final destination. Such contracts should be interpreted according to the objective, rather than the subjective, intent of the parties.

## III

■ The record before us, however, is devoid of the contracts of transportation between Skyline and the charter services. The Appellants contend that the district court refused their request to obtain the contracts through discovery to establish jurisdiction. This simply is not so. Four months after the Appellants filed their complaint, the Appellees raised the jurisdictional issue. An additional two months passed before the Appellees filed a motion to dismiss for lack of subject matter jurisdiction. Nearly two months later, rather than moving for extension of time to oppose the dismissal motion, the Appellants filed an opposition which stated in part: "[h]owever, if the court believes that there is not sufficient evidence to support plaintiffs' jurisdictional allegation, plaintiffs respectfully request an opportunity to conduct discovery."

Based upon the facts of this case, we hold that the district court did not abuse its discretion by ruling on the jurisdictional issue without allowing additional time for discovery. The Appellants failed to conduct discovery during the nine-month period between the filing of their complaint and the court's dismissal order. Therefore, Appellants can not now complain that the court erred by not allowing them to conduct eleventh-hour discovery upon an adverse ruling. *See Berardinelli v. Castle & Cooke, Inc.,* 587 F.2d 37, 39 (9th Cir.1978).

**AFFIRMED.**