69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, ex rel. Max KILLINGSWORTH
Plaintiff-Appellant,
v.
NORTHROP CORPORATION, Defendant-Appellee.
 No. 94-56599.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1995.*
Decided Oct. 26, 1995.
 
 Before: POOLE and O'SCANNLAIN, Circuit Judges, and MARQUEZ,** District Judge.
 MEMORANDUM***
 This case is before this court for a second time. Following the first appeal, we remanded this case to the district court for a finding regarding the fairness and reasonableness of the proposed settlement. United States ex rel. Killingsworth v. Northrop Corp., 25 F.3d 715, 723 (9th Cir.1994) ( Killingsworth I ). The government contends that on remand the district court erred by: (1) refusing to consider newly discovered evidence which allegedly undermines the fairness of the proposed settlement; and (2) failing to hold an evidentiary hearing. Whether the district court complied with our remand mandate is a question of law which we review de novo. See, e.g., United States v. McConney, 728 F.2d 1195, 1202 (9th Cir.) (en banc) (questions of law reviewed de novo), cert. denied, 469 U.S. 824 (1984). We affirm.[1]
 In the first appeal, the government contended that, despite its refusal to previously intervene in the action, it had an absolute right under the False Claims Act, 31 U.S.C. Sec. 3730 (FCA), to block the proposed settlement between Killingsworth and Northrop. See Killingsworth I, 25 F.3d at 720. The government argued that the proposed settlement--$1.5 million for the FCA claim and $2.7 million to Killingsworth for his wrongful termination claim and attorneys' fees--reflected a deliberate attempt by Killingsworth and Northrop to allocate the funds in such a manner to deprive the government of its fair share. See id.
 We rejected the government's contention that it had an absolute right to block the settlement. See id. at 723. Nevertheless, we concluded that, "when the government objects with good cause to a proposed settlement, it has a right to a hearing, as would any objecting relator...." See id. at 725. In June 1994, our mandate issued and we remanded the case to the district court with the following instruction:
 [T]he district court should hold a hearing to determine whether the proposed settlement fairly and reasonably allocates the settlement funds. If the district court approves the settlement, it may dismiss the case. On the other hand, if the district court finds that the amount to be paid to Killingsworth and his counsel is not a fair appraisal of the value of his case and services rendered by his counsel, it may disapprove the settlement as structured. In the latter instance, the parties are entitled to continue with litigation.
 Id. at 725.
 During the pendency of the first appeal in 1993, Killingsworth allegedly obtained access to additional Northrop documents which indicated more extensive fraud by Northrop than originally determined. Killingsworth provided copies of the new documents to an Assistant United States Attorney in 1993.
 Subsequently, Northrop filed a motion to reaffirm the settlement. Arguing that the amount of the settlement for the FCA claim was inadequate based upon the newly discovered evidence, the government filed an opposition to Northrop's motion. Killingsworth sent copies of the new evidence to the Justice Department in July 1994.
 
 
 1
 At the remand hearing on August 22, 1994, the government requested a continuance to file a motion to intervene and to litigate the matter based upon the alleged newly discovered evidence showing more extensive fraud than contemplated by the proposed settlement. The government argued that the court should address the motion to intervene before determining the reasonableness of the settlement. The government also represented that it would consent to the settlement if the dismissal of the action was without prejudice to the government.
 
 
 2
 The court rejected the government's argument because it believed that, based upon our remand order, the government first had to show good cause for objecting to the settlement before being allowed to intervene and to litigate further the matter. The court then denied the government's continuance motion and gave the parties an opportunity to address the reasonableness of the settlement. Following the parties' arguments, the court made the following ruling:
 
 
 3
 [H]aving read the government's papers and now having had a hearing as instructed by the Ninth Circuit, [I'm] going to reaffirm that settlement agreement.... You know, in settlements not everybody is happy. Usually no one, if it's a successful settlement, ought to be completely happy, but indeed satisfied. And that is the case here. Anything can occur afterwards, all kinds of evidence can come out. That's one of the purposes of having a settlement, to indeed keep us from having to go through a lengthy further discovery, trial itself, other kinds of matters. So I'm going to reaffirm the settlement agreement....
 
 
 4
 On September 9, 1994, the district court entered a written order reaffirming the settlement and dismissing the case with prejudice.[2]
 
 
 5
 We hold that the court properly determined the reasonableness and fairness of the proposed settlement. Our mandate merely required the district court to hold a hearing on whether the government's objections to the proposed settlement rested on good cause--i.e., whether Killingsworth and Northrop colluded to shift the majority of the settlement funds to Killingsworth's personal claim and attorney's fees thereby depriving the government of its fair share. Nothing more was required.
 
 
 6
 On remand, however, the government sought to introduce new evidence allegedly undermining the fairness of the proposed settlement. The district court did not err by refusing to consider the alleged new evidence relating to other issues before determining whether the government had good cause for objecting to the proposed settlement in light of our limited remand. See Killingsworth I, 25 F.3d at 725. No language in our remand order required the district court to hear new evidence at an evidentiary hearing. See id. Having reviewed the parties' briefs and entertained arguments, the court properly followed our remand order.[3]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Alfredo C. Marquez, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not repeat the underlying facts which are set forth in Killingsworth I
 
 
 [2]
 On August 24, 1994, the government attempted to file a motion to intervene which the clerk's office for the Central District of California refused to accept based upon the district court's reaffirmance of the settlement. The government argues that the clerk's return of the motion is tantamount to a denial of the motion, and, therefore, appealable. We reject this argument as nonsensical. Although the government initially raised its motion for intervention before the district court, the judge declined to address it. The government did not attempt to resurrect the motion at some later point in the remand hearing. The motion therefore was never properly before the district court and we decline to address it for the first time on appeal. See, e.g., Sablan v. Dept. of Fin. of N. Mariana Islands, 856 F.2d 1317, 1327 (9th Cir.1988). Accordingly, we deny as moot Northrop's motion for partial dismissal of appeal
 
 
 [3]
 We reject the government's contention that the district court abused its discretion by reaffirming the settlement without allowing additional time for discovery. The government concedes that it was aware of the alleged new evidence since 1993; thus, the government failed to conduct discovery between its receipt of such evidence in 1993 and the court's dismissal of the action in August 1994. Under such circumstances, the court properly refused the government's eleventh-hour discovery request. See, e.g., Sopcak v. Northern Mountain Helicopter Service, 52 F.3d 817, 819 (9th Cir.1995)