70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger STANISLAW, Plaintiff-Appellant,
v.
NAVAJO COUNTY BOARD OF SUPERVISORS; Larry Layton, Chairman,
Navajo County Board of Supervisors; Percy Deal,
Member of the Navajo Board of
Supervisors, et al.,
Defendants-Appellees.
 No. 94-17094.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Oct. 16, 1995.*
Decided: Nov. 15, 1995.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roger Stanislaw brought a pro se 42 U.S.C. Sec. 1983 action against the Navajo County Sheriff's Department, Sheriff Gary Butler, Deputy Sheriff Kelly Clark, the Navajo County Board of Supervisors (collectively "County defendants"), and his neighbor, Rocky Nelson. He appeals the district court's grant of summary judgment in favor of all defendants. Stanislaw also appeals the district court's denial of additional time for discovery.
 
 
 3
 We review de novo the district court's grant of summary judgment. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The district court's ruling concerning discovery is reviewed for abuse of discretion. Sopcak v. Northern Mountain Helicopter Service, 52 F.3d 817, 818 (9th Cir.1995). We affirm.
 
 A. Summary judgment--County defendants
 
 4
 Stanislaw contends that the district court should not have granted summary judgment to the County defendants because they deprived him of his civil rights by (1) arresting him, (2) searching his home, (3) setting bail at a punitive amount, (4) tampering with evidence, and (5) disseminating false information to the public. These arguments are without merit.
 
 1. Arrest
 
 5
 The district court held that Stanislaw's arrest was based on probable cause and, as such, was not unconstitutional. See Baker v. McCollan, 443 U.S. 137, 144 (1979) (arrest based on probable cause cannot be the basis of a constitutional violation). We agree. Probable cause exists if the facts and circumstances within the arresting officer's knowledge would lead a reasonably prudent person to believe that a crime has been committed. United States v. Valencia, 24 F.3d 1106, 1108 (9th Cir.1994). At the time of Stanislaw's arrest, he had admitted to Deputy Clark that, armed with a gun, he stopped the victim's car, demanded his driver's license and threatened to kill the victim if he ever drove on that road again. This admission, along with the statements from the victim and a witness, gave Deputy Clark probable cause to arrest Stanislaw.
 
 
 6
 In addition, the district court properly found Deputy Clark protected by qualified immunity because he acted reasonably in arresting Stanislaw. See Anderson v. Creighton, 483 U.S. 635, 639 (1987) (qualified immunity protects an officer who acts reasonably in light of clearly established law).
 
 2. Search
 
 7
 Stanislaw contends that the County defendants conducted an illegal search of his home. Specifically, he argues that the search exceeded the scope of the warrant. The warrant provided for (1) the weapon used in the incident, (2) indicia of ownership of the property, and (3) other deadly weapons. Stanislaw bases his argument on the fact that the officers seized a glass vial containing a greyish-white powder. The district court found that the vial was properly seized under the plain view doctrine. We agree. During a valid search pursuant to a warrant, the officers discovered the glass vial in plain view. The incriminating character of the powdery substance was immediately apparent. Therefore, the vial was properly seized. See Horton v. California, 496 U.S. 128, 136-37 (1990).
 
 3. Bail
 
 8
 Stanislaw argues that his civil rights were violated when his bail was set at a punitive amount ($25,000). Stanislaw presented no evidence that any of the County defendants participated in setting the bail amount. Therefore, summary judgment was properly granted. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (nonmoving party must designate specific facts showing a genuine issue for trial).
 
 
 9
 Stanislaw argues for the first time on appeal that his bail was excessive as a result of overstated criminal charges. In general, we will not address an issue raised for the first time on appeal. Ripplinger v. Collins, 868 F.2d 1043, 1054 (9th Cir.1989). Moreover, Stanislaw has presented no evidence to support this contention. See Celotex, 477 U.S. 324.
 
 4. Tampering with evidence
 
 10
 Stanislaw claims that the semi-automatic pistol seized from his residence was polished by someone in the sheriff's department so as to conform more closely with the victim's testimony. Stanislaw presented no evidence to support this contention. Therefore, summary judgment was properly granted. Id.
 
 5. Disseminating false information
 
 11
 Stanislaw also claims that the County defendants disseminated false information about him. Again, Stanislaw presented no evidence to support this contention. Id.
 
 B. Summary Judgment--defendant Nelson
 
 12
 Nelson is Stanislaw's neighbor and a witness to the incident. He is neither a sheriff's department nor county employee; nor is he a state actor. Therefore, Nelson did not act "under color of state law" as required under 42 U.S.C. Sec. 1983.
 
 
 13
 Stanislaw argues alternatively that Nelson is an "agent" of the County defendants. The district court properly granted summary judgment in favor of Nelson on this issue because Stanislaw presented no evidence to support this contention. See Celotex, 477 U.S. at 324.
 
 
 14
 Nelson requested that the district court award attorneys fees under 42 U.S.C. Sec. 1988. Now that Nelson is a prevailing party, he may be entitled to an award of fees. He may present an application for fees to the district court for its consideration.
 
 C. Discovery
 
 15
 Stanislaw contends that the district court erred in refusing to permit additional discovery. We disagree. Stanislaw failed to show how allowing additional discovery would have precluded summary judgment. Qualls v. Blue Cross, 22 F.3d 839, 844 (9th Cir.1994). The district court therefore did not abuse its discretion in refusing to allow additional discovery. Id.
 
 
 16
 Finally, we deny Stanislaw's Motion to Strike, Motion for Sanctions and Motion for Costs.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3