70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James M. ROLAND, Plaintiff-Appellant,
v.
McDONNELL DOUGLAS CORPORATION, Defendant-Appellee.
 No. 93-55863.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 16, 1995.*
Decided Nov. 22, 1995.
 
 1
 Before: HUG and LEAVY, Circuit Judges, and MUECKE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 James M. Roland ("Roland") appeals from the district court's grant of summary judgment in favor of McDonnell Douglas Corporation ("McDonnell Douglas"). We affirm.
 
 
 4
 Roland argues that the district court improperly granted summary judgment on his 1) age and race discrimination claims in spite of the existence of genuine issues of material fact, 2) contract claims based on an improper application of California law in spite of genuine issues of material fact, and 3) fraud and negligence claims. Roland also contends that the district court improperly denied his discovery motions.
 
 
 5
 In mid-August 1992, the district court set the discovery cutoff date as February 26, 1993. Roland first moved for continuation of discovery on February 24, 1993, two days before the cutoff, and did not move to compel answers to interrogatories and production of documents until March 5, 1993. The district court found that Roland had failed to diligently pursue discovery and that he did not adequately justify the untimely filing of his motion to compel. We conclude that the district court did not abuse its discretion in denying Roland's discovery motions. See Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995) and Qualls By & Through Qualls v. Blue Cross, 22 F.3d 839, 844 (9th Cir.1994).
 
 
 6
 Roland argues that summary judgment on his age and race discrimination claims was improper because a genuine issue of material fact existed as to whether less qualified employees outside the protected age and race groups were retained. Roland failed to produce evidence raising a genuine issue of material fact as to this claim. See Fed.R.Civ.P. 56(e) and Statement of Uncontroverted Facts and Conclusions of Law at 6 no. 20.
 
 
 7
 Roland also argues that the district court erred in concluding that he was an "at will" employee. He contends that, because of ambiguous employment documents and employee information distributed to him by the corporation, California law would require that McDonnell Douglas was contractually bound to provide him with objective performance evaluations of deficient behavior prior to a performance based separation. See Rulon-Miller v. International Business Machines, Inc., 162 Cal.App.3d 241, 247-48 (1st Dist.1984). Since Roland was not informed of certain computer skill deficiencies which played a role in determining his layoff ranking, he argues the corporation breached its contractual obligations.
 
 
 8
 Roland failed to show that those provisions apply in the case of a workforce reduction. See Statement of Uncontroverted Facts at 6 no. 21. Because Roland has not established any contractual violation with respect to the corporation's application of its specific policy governing layoff procedures (aside from the discrimination claims considered above), the district court did not err in granting summary judgment on Roland's breach of contract claims. Cf. Foley v. Interactive Data Corp., 47 Cal.3d 654, 689-90 (1988).
 
 
 9
 We also conclude that the district court did not err in its determination that Roland failed to raise any genuine issue of material fact with respect to the elements necessary for presenting a triable claim for fraud or negligent misrepresentation. See Vazquez v. Superior Court, 4 Cal.3d 800, 811 (1971) and Cicone v. URS Corp., 183 Cal.App.3d 194, 208 (5th Dist.1986).
 
 
 10
 Having considered Roland's remaining claims and finding them meritless, the decision appealed from is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3