92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shirley D. KEENAN; Daniel E. Keenan, Plaintiffs-Appellants,
v.
Wallace E. ALLAN; Janis M. Whitener-Moberg; County of
Grant, by and through the Grant County Board of
Commissioners; Helen Fancher, Leroy Allison, and Tim Snead,
personally and in their representative capacities as members
of the Grant County Board of County Commissioners,
Defendants-Appellees, Washington Commission on Judicial
Conduct, Appellee.
 No. 95-35577.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1996.
Decided Aug. 1, 1996.
 
 1
 Before: BROWNING, T.G. NELSON, Circuit Judges, and SMITH,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 * Shirley and Daniel Keenan ("the Keenans"), a married couple, appeal several district court orders regarding compulsion of Mrs. Keenan's testimony and the Keenans' efforts to compel documents possessed by the Washington Commission on Judicial Conduct ("CJC") and to subpoena a CJC investigator.[1] We have jurisdiction under 28 U.S.C. § 1291, and we hold that the district court did not abuse its discretion with respect to any of these orders.[2] Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995).
 
 II
 
 4
 The Keenans served the CJC with a subpoena duces tecum requesting production of documents pertaining to its investigation of former Judge Wallace E. Allan. The district court quashed the subpoena, holding the documents subject to the confidentiality provisions of Washington law.
 
 
 5
 Under Washington law, the CJC's "investigation and initial proceedings shall be confidential." Wash. Const. Art. IV § 31. Persons violating this rule "may be subject to contempt proceedings." WAC 292-08-050(6). An exception to this general rule states that "[a]s of the date of a public hearing, all those records of the initial proceeding that were the basis of a finding of probable cause are subject to the public disclosure requirements of Chapter 42.17 RCW." RCW 2.64.111 (emphasis added).
 
 
 6
 Because Allan's case was closed pursuant to stipulation, the CJC held no public hearing and issued no statement of charges. The CJC agreed to close the case in exchange for Allan's resignation. After a careful examination of relevant state law, the district court concluded that, because there was no public hearing, the CJC was not obliged or even permitted to disclose anything beyond the recitation of facts set forth in the stipulation. The district court's reasoning was sound and we hold that the court did not abuse its discretion in quashing the subpoena.
 
 
 7
 Shortly after the district court's order was filed, the Keenans served a subpoena upon Sally Carter-Dubois, a CJC investigator, requesting documents and testimony concerning Carter-Dubois's investigation of Allan. The CJC stipulated that Carter-Dubois would not respond to questions or requests for documents pertaining to its investigation of Allan or any other judge. The district court denied the Keenans' motion to compel and ordered the Keenans' attorney to pay costs and attorneys' fees to the CJC, Allan, and Whitener-Moberg for opposing the Keenans' motion. The court reasoned that, "given the law of the case that Commission records are not discoverable by depositions of the Commission, common sense requires the conclusion that the records also are not discoverable through the deposition of a Commission employee."
 
 
 8
 We agree with the district court. The questions listed in the stipulation are so broad and duplicative of the subpoena to the CJC as to fully justify the district court's reasoning. The district court was well within its bounds in ordering discovery sanctions for the motion to compel the investigator's testimony. Marchand v. Mercy Medical Ctr., 22 F.3d 933, 936 (9th Cir.1994) (abuse of discretion standard applies to discovery sanctions).
 
 III
 
 9
 The CJC requests attorneys' fees on appeal. We have discretion to award them as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38. An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit. Smith v. Ricks, 31 F.3d 1478, 1489 (9th Cir.1994), cert. denied, 115 S.Ct. 1400 (1995).
 
 
 10
 The Keenans' counsel appealed the district court's well-grounded orders regarding confidentiality of CJC documents under Washington law, knowing that we review such decisions under the highly deferential abuse of discretion standard. We award the CJC $2500.00 in costs and attorneys' fees for its efforts in defending a frivolous appeal on the discovery issues, to be paid by counsel for the Keenans.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable Fern M. Smith, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Keenans also appeal the district court's summary judgment in favor of all defendants, which we affirm in a separate published opinion
 
 
 [2]
 The Keenans also complain that Mrs. Keenan was compelled to testify in violation of her Fifth Amendment rights concerning a taped phone conversation she had alluded to as evidence. The district court held that the information sought was relevant and that Keenan had waived her right to refuse to answer questions by acknowledging that she had made a tape. In response to the court's order, Keenan stated that she had inadvertently taped an incoming call which she immediately taped over. We fail to see how the Keenans were prejudiced by the order in question, or how it might be deemed relevant to their appeal of the summary judgment order. The district court did not abuse its discretion in ordering Keenan to answer the questions put to her by opposing counsel regarding the telephone tapes