103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard Lee VAUGHN, Jr., Plaintiff-Appellant,
v.
P.L. KERNAN, Warden; D.K. Sisto; M.H. Jensen; D.H.
Fortin; V. Schumacker, Lt.; Poole, Lt.; J.
Mendoza; P. Trask; G.A. Smith; E.
Padaoan and G. Gorohoff,
Defendants-Appellees.
 No. 95-16815.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 5, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard Lee Vaughn, Jr., a California state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in Vaughn's 42 U.S.C. § 1983 action. Vaughn contends that prison officials: (1) violated the Due Process Clause; (2) violated the Equal Protection Clause; (3) violated the Eighth Amendment prohibition against cruel and unusual punishment; (4) wrongfully deprived Vaughn of his personal property; and (5) took retaliatory action against him. Additionally, Vaughn contends that Warden P.L. Kernan should be held liable for the actions of the other named prison officials. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review a grant of summary judgment de novo. Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir.1995).
 
 
 3
 We affirm for the reasons stated in the district court's August 21, 1995 order adopting the Magistrate Judge's Findings and Recommendations, which fully and fairly addressed Vaughn's claims. Furthermore, because Vaughn failed to make a sufficient showing that prison officials had taken retaliatory action, the district court's summary judgment was proper. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir.1994). Moreover, the district court did not abuse its discretion by: (1) failing to sanction defendants for submitting allegedly unsigned interrogatories, and (2) denying Vaughn's motion to compel discovery. See Murdock v. Stout, 54 F.3d 1437, 1444 (9th Cir.1995); see also Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995). Additionally, we reject Vaughn's claim that the district court erred by failing to enter a default judgment against defendant G.A. Smith.
 
 
 4
 AFFIRMED.
 
 
 5
 SUMMARY OF MAGISTRATE'S FINDINGS AND RECOMMENDATIONS
 
 
 6
 A. Defendants Kernan (Warden) and Sisto (Assoc. Warden)
 
 
 7
 Inasmuch as Vaughn offered no evidence of Warden Kernan's and Associate Warden Sisto's involvement or knowledge of the events at issue, Vaughn failed to establish any link between Kernan/Sisto and the alleged constitutional violations. Accordingly, summary judgment should be granted for Kernan and Sisto.
 
 
 8
 B. Defendants Padaoan (Canteen Boss) and Pool (Correct. Lieut.)
 
 
 9
 Vaughn's conclusory allegation that Padaoan refused to put plaintiff back to work in the canteen does not state a constitutional violation. See Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir.1985) (prisoners have no constitutional right to employment).
 
 
 10
 Vaughn's opposition to defendants' motion for summary judgment was silent as to Pool. Consequently, Vaughn failed to establish the existence of a genuine issue of material fact relative to Pool. Summary judgment was proper as to Padaoan and Pool.
 
 
 11
 C. Defendant Schumacker (Correctional Lieut.)
 
 
 12
 Vaughn alleged that Schumacker, who found the contraband in the canteen, should have dusted for fingerprints and should have ordered urine tests. Vaughn contended that this showed that Schumacker "only wanted to punish the plaintiff and the other 9 inmates."
 
 
 13
 However, neither urine testing nor the dusting of the contraband would have conclusively shown which of the 10 inmates was guilty. Moreover, Vaughn did not offer any evidence linking Schumacker with a violation of Vaughn's constitutional rights.
 
 D. Defendant Trask (Correctional Officer)
 
 14
 Vaughn contends that Trask, who assisted in the search of the canteen, may have "set up" Vaughn by planting the contraband in the canteen. However, because Vaughn offered no evidence indicating that Trask violated Vaughn's constitutional rights, summary judgment was appropriate.
 
 
 15
 E. Defendants Jensen (Prgm. Adm.), Fortin (Correc. Couns.), and Gorohoff (Correc. Counselor)
 
 
 16
 These three defendants held the Unit Classification Committee (UCC) hearing which resulted in Vaughn's placement in "unassigned job status." Vaughn was not convicted of the illegal contraband charge, but he was not exonerated of the charge. As a result, Vaughn was removed from his job in the canteen, placed on "S" time (continued to receive work-time credits), and later assigned a new job.
 
 
 17
 Inasmuch as Vaughn offered no evidence that these acts violated any of his constitutional rights, summary judgment for these three defendants was appropriate.
 
 F. Defendant Smith (Correctional Officer)
 
 18
 Vaughn alleged that Smith, who inventoried Vaughn's property, stole "a number of items" from Vaughn. Smith's declaration indicated that he carefully inventoried Vaughn's property and did not confiscate any personal items. Because Vaughn did not offer any evidence that Smith deprived him of personal property, summary judgment was appropriate.
 
 G. Defendant Mendoza (Correctional Lieut.)
 
 19
 Vaughn alleged that Mendoza violated Vaughn's right to receive work-time credits by putting him on unassigned status and giving his old canteen job to someone who had been in prison less than three months.
 
 
 20
 Because Vaughn does not have a constitutional right to employment, summary judgment as to defendant Mendoza was appropriate. See Baumann, 754 F.2d at 846.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3