111 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth O. ASHELMAN, Plaintiff-Appellant,
v.
Donald B. WAWRZASZEK, Ellis C. MacDougall, A. Guajalva, and
Robert Goldsmith, Defendants-Appellees.
Kenneth O. ASHELMAN, Plaintiff-Appellee,
v.
Donald B. WAWRZASZEK, Ellis C. MacDougall, A. Guajalva, and
Robert Goldsmith, Defendants-Appellants.
 Nos. 95-15071, 95-15168.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 12, 1997.
Decided April 15, 1997.
 
 1
 Before: CANBY and RYMER, Circuit Judges; EZRA, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Kenneth O. Ashelman appeals, pro se, a number of pretrial rulings by the district court regarding his claims under 42 U.S.C. § 1983.[1] We reverse with respect to the district court's imposition of Rule 11 sanctions, but affirm on all other grounds.
 
 
 4
 * We deny the DOC's motion to strike Ashelman's pro se reply brief as untimely. The brief raises no new issues, and there is no prejudice.
 
 II
 
 5
 The award of Rule 11 sanctions cannot stand because the court did not give Ashelman a chance to say why the sanction itself (as compared with the amount) should not be imposed. See Pan-Pacific & Low Ball Cable Tel. Co. v. Pacific Union Co., 987 F.2d 594, 597 (9th Cir.1993) (observing due process right under Rule 11 to notice and an opportunity to be heard).
 
 III
 
 6
 That the magistrate judge said he was aware from other litigation that the Arizona State Prison affords prisoners a substantial amount of freedom to practice their religion, and advised Ashelman to formulate specific grievances to present to prison officials, does not indicate extrajudicial bias toward Ashelman as a Jewish inmate acting pro se or suggest that the judge ruled based on a "predetermined assumption" about Ashelman or his claims. See Liteky v. United States, 510 U.S. 540, 552 n. 9 (1994).
 
 IV
 
 7
 Ashelman's argument that the district court should have held an evidentiary hearing pursuant to Fed.R.Civ.P. 65(b) before denying his request for a temporary restraining order is misplaced because the notice and hearing provisions of Rule 65(b) are designed to provide the opposing party an opportunity to be heard. See Fed.R.Civ.P. 65 advisory committee notes (1966 amendment).
 
 V
 
 8
 Ashelman contends that the delay between filing the complaint, the grant of summary judgment, trial, the findings of fact and conclusions of law, and entry of judgment violates the mandate of Fed.R.Civ.P. 1, but Rule 1 does not confer a substantive right to a speedy civil trial. While we do not condone the delay that occurred, there is no evidence that it was intentional or had anything to do with Ashelman's pro se status.
 
 VI
 
 9
 The district court did not abuse its discretion in denying leave to amend before granting summary judgment on Ashelman's Sixth, Seventh, Eighth, Tenth, Eleventh, Twelfth, and Thirteenth claims. Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995). As the court found, Ashelman's opposition to summary judgment was conclusory and did not raise triable issues. Nor was it improper for the court to dismiss these claims prior to discovery, as there was no indication that discovery would have affected the outcome on summary judgment, which had to do with legal rather than factual sufficiency, or could have transformed Ashelman's claims into viable issues for trial.
 
 VII
 
 10
 The district court did not abuse its discretion in dismissing Ashelman's § 1983 claims against the County and the State in his Fourteenth, Fifteenth, Sixteenth, and Seventeenth counts because these claims were frivolous and also barred by Monell v. Department of Social Services, 436 U.S. 658 (1978). The Eighteenth claim (fear of retaliation for filing suit) was properly dismissed as premature, given that no retaliation had allegedly occurred.
 
 VIII
 
 11
 Ashelman's claim based on ineffective assistance of counsel fails, as it cannot be brought in connection with this civil suit. Friedman v. State of Ariz., 912 F.2d 328, 333 (9th Cir.1990), cert. denied, 498 U.S. 1100 (1991).
 
 
 12
 Each party shall bear its own costs.
 
 
 13
 AFFIRMED IN PART; REVERSED IN PART.
 
 
 
 *
 Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have resolved, in a separate published opinion, Ashelman's claim that he is entitled to a kosher diet in prison and the State's cross-appeal regarding the district court's entry of an injunction barring the prison from preventing Ashelman from fasting and refraining from work as required by his faith