**Christopher MANION, Plaintiff,**

v.

**AMERICAN AIRLINES, INC., Defendant.**

**Civil Action No. 96–2094 (EGS).**

United States District Court,
District of Columbia.

Sept. 29, 1997.

Randell C. Ogg, Sherman, Meehan & Curtin, Washington, DC, for Plaintiff.

Carroll Edward Dubuc, Graham & James, LLP, Washington, DC, John E. Gagliano, Harvey B. Cohen, Cohen, Gettings & Dunham, P.C., Arlington, VA, for Defendant.

## MEMORANDUM OPINION AND ORDER

SULLIVAN, District Judge.

This matter is before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, or in the alternative, for change of venue pursuant to 28 U.S.C. § 1404(a).

Upon consideration of the pleadings and arguments of counsel, defendant's motion for summary judgment is **GRANTED** in part and **DENIED** in part for the following reasons.

## FACTS

Plaintiff claims that in anticipation of a honeymoon in June of 1995, he arranged to travel from Boston, Massachusetts to Shannon, Ireland with Aer Lingus, an airline company. These arrangements included a rental car and various overnight accommodations. After making these initial arrangements, plaintiff decided to leave for his honeymoon from Chicago, Illinois and scheduled a flight from Chicago to Boston. Plaintiff was issued one ticket booklet from Blue Horizons travel agency. The booklet contained coupons for the Chicago to Boston flight, and for the Boston to Ireland flight, as well as return coupons for the Shannon to New York flight, and from New York to Washington, D.C. The ticket also listed one Visa payment in the amount of $853.95. Attach. 1 Def. Mem. P. & A. and Ex. A.

On June 4, 1995, plaintiff and his wife arrived at the airport twenty minutes before their Chicago to Boston flight was scheduled to depart. Apparently, they arrived too late to go to the check-in at the ticket counter and went to the boarding gate where they checked their bags to Boston. Plaintiff and his wife were seated in Row 33 of MD–80 aircraft, in the last available seats on the plane. Plaintiff alleges that he and his wife noticed unusual, excessive noise from the engine before takeoff. Plaintiff maintains that he requested ear plugs from the flight attendant, but was told that there were none available on domestic flights. Plaintiff claims that during the flight, he unsuccessfully attempted to mute the engine noise by placing pillows and a blanket between himself and the window. Plaintiff alleges that he attempted to change his seat, but that there were no empty seats available on the plane. However, in plaintiff's deposition he stated that he had not asked the flight attendant to change seats. Def.'s Depo. at 37.

A few hours after deplaning in Boston, plaintiff and his wife flew to Ireland on an Aer Lingus flight. Two days later, plaintiff alleges that he noticed a sharp ringing in his ear. Plaintiff did not seek medical treatment during his honeymoon trip. Upon his return to the United States, plaintiff was diagnosed by Dr. Douglas Feldman, an ear, nose, and throat specialist, with Tinnitus. Tinnitus is a chronic condition which results in a continuous ringing in the ears and is symptomatic of other ear problems such as the overproduction of wax, ear infections, and acoustic tumors. The most common cause of Tinnitus is excessive exposure to loud noise on the job (musicians, carpenters) or recreation noise (shooting, loud music). Pl.'s Mem. Opp'n Summ. J. Ex. A. Dr. Feldman referred plaintiff to the University of Maryland School of Medicine, Tinnitus Clinic, where he remains a patient.

## STANDARD OF REVIEW

The Court should not grant a motion for summary judgment unless "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. The evidence should be reviewed in a manner most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). When a motion for summary judgment is supported by affidavits or further testimony, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading." Fed.R.Civ.P. 56. The nonmoving party must present affidavits setting forth specific facts showing that there is no genuine issue for trial. *Id.; see Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## DISCUSSION

Plaintiff alleges that he suffered a hearing injury during a domestic flight from Chicago to Boston on defendant's carrier due to excessive engine noise. Plaintiff claims that the excessive engine noise was caused by the negligent maintenance and operation of the aircraft. Defendant maintains that the aircraft engines operated normally.

Defendant argues that plaintiff's Chicago to Boston flight qualifies as international travel and that as a result plaintiff may only bring an action under the Warsaw Convention.[1] The Warsaw Convention limits the monetary award for international passengers on airlines to $75,000 for bodily injury or death caused by an accident during international travel except in cases of failure of notice and willful misconduct. Plaintiff maintains that the Chicago to Boston flight does not qualify as international travel and has filed an action under state tort law[2] as opposed to the Warsaw Convention.

To determine whether the Warsaw Convention governs this action, the Court must first decide whether American Flight 294 from Chicago to Boston qualifies as international transportation. Article 1(2) of the Convention defines international transportation as "any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transhipment, are situated either within the territories of two High Contracting Parties ...." Convention for the Unification of Certain Rules Relating to International Transportation by Air, *supra* note 1, at ¶ 27,012.

1. Convention for the Unification of Certain rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), reprinted 49 U.S.C. § 40105 Convention for the Unification of Certain rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), reprinted 49 U.S.C. § 40105 (1994), commonly referred to as the "Warsaw Convention". See also the Montreal Agreement C.A.B. No. 18900 (order Serial No.E.23680 May 13, 1996) which increased monetary awards to $75,000 in exchange for limiting carrier's defenses (strict liability).

2. In his complaint, plaintiff alleges that defendant "negligently and carelessly maintained and operated the aircraft." Pl.'s Compl. at 2. In Plaintiff's Opposition To Defendant's Motion For Summary Judgement or Transfer To A More Appropriate Forum And For Other Appropriate Relief, plaintiff asserts "state tort claims for negligence." Pl.'s Mem. Opp'n Summ. J. at 5. However, plaintiff does not provide the Court with specific statutes for his claim of negligence.

**4**

The domestic portion of international travel qualifies as international flight if both the passenger and air carrier are reasonably aware of the international nature of the transportation. *See Stratis v. Eastern Air Lines, Inc.,* 682 F.2d 406 (2d Cir.1982); *Lemly v. Trans World Airlines, Inc.,* 807 F.2d 26, 28 (2d Cir.1986). A passenger is bound "by the Warsaw Convention where he was aware of the international character of the flight, even though he was injured on the domestic portion of the flight ...." *Lemly,* 807 F.2d at 27; *see Stratis,* 682 F.2d 406.

Plaintiff contends that the language of Article 1(2) of the Convention indicates that both parties must have contemplated international travel. Plaintiff directs the Court's attention to the language of the Convention which states, "according to the contract made by **the parties**." Convention for the Unification of Certain Rules Relating to International Transportation by Air, *supra* note 1, at ¶ 27,012 (emphasis added). Plaintiff maintains that this language suggest that the determination of international transportation is based on the parties' subjective, rather than objective, intent. In support of his claim that he did not contemplate or subjectively intend the Chicago to Boston flight to be "international" transportation, plaintiff notes that he made his travel arrangements on different days. Plaintiff further notes that he only checked his baggage from Chicago to Boston and in Boston transferred his own baggage to his Aer Lingus flight. Plaintiff argues that these facts compel a conclusion that no contract for international transportation exists. The Court disagrees.

In order to determine the terms of a contract, the Court must decide the intent of the parties based on the objective evidence, rather than the "after-the-fact professed subjective intent." *Brown Bros. Elec. Contractors, Inc. v. Beam Const. Corp.,* 41 N.Y.2d 397, 393 N.Y.S.2d 350, 361 N.E.2d 999 (1977); *Fairway Center Corp. v. U.I.P. Corp.,* 502 F.2d 1135 (8th Cir.1974). The most significant objective evidence in this case is the ticket itself. *Sopcak v. Northern Mountain Helicopter Serv.,* 52 F.3d 817 (9th Cir.1995); *Petrire v. Spantax, S.A.,* 756 F.2d 263 (2d Cir.1985); *Tolson v. Pan American World*

*Airways, Inc.,* 399 F.Supp. 335, 338 (S.D.Tex. 1975) (citing Lowenfield & Mendelsohn, *The United States and the Warsaw Convention,* 80 Harv. L.Rev. 497, 500 (1967)); *see also* 1 Stuart M. Speiser and Charles F. Krause, *Aviation Tort Law,* at 654 (1978). The entire itinerary which included all of plaintiff's outgoing and return flights was issued in one ticket booklet. The booklet contained the tickets for the Chicago to Boston flight, and for the Boston to Ireland flight, as well as return coupons for the Shannon to New York flight, and from New York to Washington, D.C. Although plaintiff made arrangements for the initial and subsequent flights on different days, plaintiff's ticket, produced by defendant, indicates that the ticket was purchased in one payment. Plaintiff does not dispute the manner in which his tickets were purchased. The international nature of the flight is also substantiated by the fact that there was an insignificant time difference between the initial and subsequent flight,. *Pimentel v. Polskie Linie Lotnicze,* 748 F.2d 94, 96 (2d Cir.1984), and the fact that the original carrier was aware of the passenger's subsequent flight plans, *Lemly,* 807 F.2d at 28.

In view of the foregoing, the Court concludes that plaintiff's flight from Chicago to Boston qualifies as international transportation and is therefore governed by the Warsaw Convention. Accordingly, defendant is entitled to partial summary judgment on this ground.

To recover under the Warsaw Convention, the plaintiff's injury must have been caused by an accident. Thus, the Court must now determine whether an accident caused plaintiff's alleged injury, thereby rendering defendant strictly liable for damages in the amount of $75,000.

Defendant argues that the engines on plaintiff's flight from Chicago to Boston operated normally and within the relevant Federal Aviation Administration ("FAA") standards. According to defendant, this precludes a finding that an accident occurred and thus excludes liability under the Warsaw Convention as a matter of law. Plaintiff asserts that the negligent maintenance and

operation of the aircraft engines caused him to contract Tinnitus. Summary judgment can only be granted if, as a matter of law, the Court concludes that plaintiff's injuries were not caused by an accident pursuant to the Warsaw Convention.

 Under Article 17 of the Warsaw Convention, a carrier is liable for injuries "if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Convention for the Unification of Certain Rules Relating to International Transportation by Air, *supra* note 1, at ¶ 27,028. In *Air France v. Saks*, 470 U.S. 392, 395, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985), the Supreme Court defined accident as an "abnormal, unusual or unexpected occurrence aboard the aircraft." The definition of an accident should be broadly applied on a case by case basis. *Saks*, 470 U.S. at 405, 105 S.Ct. 1338. Liability under the Warsaw Convention only arises if the injury is caused by an abnormal event that is external to the passenger. *Id.* 470 U.S. at 405, 470 U.S. 392. "But when the injury indisputably results from the passenger's own internal reaction to the usual, normal, and expected operation of the aircraft, it has not been caused by an accident, and Article 17 of the Warsaw Convention cannot apply." *Id.* 470 U.S. at 406, 105 S.Ct. 1338. Injuries, including the aggravation of pre-existing conditions, are not considered accidents unless there is proof of abnormal external factors. *Abramson v. Japan Airlines Co., Ltd.*, 739 F.2d 130, 133 (3d Cir.1984).

 In order to determine whether plaintiff's injury resulted from an accident, the Court must make its determination based on the evidence presented. In this case, plaintiff presents his own testimony and that of his wife as evidence that the engine noise on defendant's flight was excessive. Defendant, on the other hand, maintains that the engine noise was normal citing as evidence the fact that the pilots and flight attendants did not note any irregularities in their flight log. When contradictory evidence exists, the trier of fact must make a determination regarding whether there has been an accident as defined by the Warsaw Convention. *Id.* 470 U.S. at 405, 105 S.Ct. 1338.

Plaintiff and defendant both rely on *Air France* in support of their respective arguments. In *Air France*, plaintiff became permanently deaf after experiencing severe pain in her ear during an Air France jetliner's descent. The plaintiff in that case argued that her injury was caused by the negligent maintenance and operation of the airplane's pressurization system. *Id.* 470 U.S. at 394, 105 S.Ct. 1338. After extensive discovery, plaintiff conceded that the pressurization system had operated normally, but continued to assert that an accident had caused her injury. *Id.* 470 U.S. at 395, 105 S.Ct. 1338. The Supreme Court held that the evidence presented demonstrated that the pressurization system had operated normally. *Id.* As a result, the Court held that there had not been an accident as defined by the Warsaw Convention because an unusual or abnormal event had not occurred. *Id.* 470 U.S. at 406, 105 S.Ct. 1338.

 This case presents a similar factual scenario as in *Air France*. Here, plaintiff alleges that the negligent operation and maintenance of the airline's engines caused him to sustain an ear injury. However, this case is distinguishable from *Air France* because the plaintiff here has not conceded that the airline engines operated normally and plaintiff has not completed discovery as he has filed a motion to compel. In his Motion to Compel, plaintiff alleges that defendant has refused to produce relevant passenger and maintenance logs which could substantiate plaintiff's claims. Before this Court can determine whether as a matter of law an accident caused plaintiff's injuries, discovery must be complete. Because discovery issues are currently pending before the Court, the Court will deny defendant's motion for summary judgment without prejudice, on this issue *solely*, with leave to refile after all discovery disputes have been resolved.[3]

---

**3.** Defendant in its motion also seeks as an alternative the transfer of this action to the Eastern District of Virginia pursuant to 28 U.S.C.

§ 1404(a). The defendant has the burden of showing that the proposed transfer district is more convenient and would better serve the in-

**6**

## CONCLUSION

Defendant's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE TO RE-FILING UPON THE COMPLETION OF DISCOVERY.**

terest of justice. *Hoffman v. Goberman,* 420 F.2d 423 (3d Cir.1970). Because the plaintiff's choice of forum should rarely be disturbed, and because defendant has not presented a sufficient reason for the case to be transferred to the Eastern District of Virginia, defendant's request in the alternative for change of venue is denied. *See National Bank of Washington v. Mallery,* 669 F.Supp. 22, 29 (D.D.C.1987); *Vanity Fair Mills, Inc. v. T. Eaton Co.,* 234 F.2d 633 (2d Cir.1956).