NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL VERDUZCO,

        Plaintiff-Appellant,

 v.

C. E. DUCART; et al.,

        Defendants-Appellees,

 and

G. KIMBREL,

        Defendant.

No. 20-17100

D.C. No. 4:18-cv-04596-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted December 14, 2021[**]

Before:     WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Daniel Verduzco appeals pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his health and safety. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Verduzco failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his health in treating his July 27, 2016 tongue injury or to his safely on August 17, 2016. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference").

The district court did not abuse its discretion by denying Verduzco's motion to compel defendants to provide a copy of his deposition transcript. *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995) (standard of review); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (expenditure of public funds on indigent litigants' discovery fees not authorized by Congress).

**AFFIRMED.**