**Alfreida A. SEDGWICK, Plaintiff,**

v.

**GIANT FOOD, INC., Defendant.**

**Civ. A. No. 85–3367.**

United States District Court, District of Columbia.

May 5, 1986.

Michael Miller, Alexandria, Va., for plaintiff.

Dwight D. Murray, Washington, D.C., for defendant.

## MEMORANDUM–ORDER

GASCH, Senior District Judge.

This case is before the Court on plaintiffs' motion for a new trial. For the reasons stated below, that motion is denied.

## I. BACKGROUND

This case was a diversity action for damages arising from a February 22, 1984 collision between plaintiff's car and a van driven by a Giant Food employee. As a part of her case, plaintiff alleged that the injuries she suffered in the accident caused her to develop epilepsy, which, in turn, would cause her to suffer a significant loss of future wages. This epilepsy claim had been a part of the case since at least December, 1985.

Trial of the case initially was set for April 7, 1986. In March, plaintiff was informed that defendant had retained Dr. Michael W. Dennis, a neurosurgeon, to examine plaintiff in connection with the epilepsy claim. On March 27, defendant notified plaintiff that Dr. Dennis would be called as an expert witness. Also on that date, defendant's counsel notified plaintiff that Dr. Samuel J. Potolicchio, another expert in the field of neurology, would testify on defendant's behalf.

Plaintiff responded by moving to exclude the testimony of these two experts. This Court denied that motion, but continued the trial for one day to allow plaintiff's counsel to depose the two experts. These depositions were taken as scheduled. At no time before or during the trial did plaintiff move for a continuance on the ground that additional time was needed to prepare a response to the experts' testimony.

Trial of the case began on April 8. The jury returned its verdict on April 10, finding for plaintiff in the amount of $41,000 for medical expenses, lost salary, and mental anguish. The verdict also stated, "Jury rules against plaintiff in case of epilepsy occurring as a result of Feb. 22 accident." Plaintiff then filed the instant motion, which seeks a partial new trial only on the question of plaintiff's epilepsy claim.

## II. DISCUSSION

█ In cases where a jury trial has occurred, a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P. 59(a). The disposition of a new trial motion is "a matter entrusted to the sound discretion of the trial court." *Grogan v. General Maintenance Service Co.,* 763 F.2d 444, 447 (D.C.Cir.1985); *see also Thompson v. International Ass'n of Machinists,* 614 F.Supp. 1002 (D.D.C.1985). Generally, however, a Rule 59(a) motion "should be granted only where the court is convinced that the jury verdict was a 'seriously erroneous result' and where denial of the motion will result in a 'clear miscarriage of justice.'" *Chedd-Angier Production Co. v. Omni Publications Int'l,* 756 F.2d 930, 934 (1st Cir.1985) (quoting *Coffran v. Hitchcock Clinic, Inc.,* 683 F.2d 5, 6 (1st Cir.), *cert. denied,* 459 U.S. 1087, 103 S.Ct. 571, 74 L.Ed.2d 933 (1982)).

Plaintiff seeks a new trial on the ground that admission of the expert testimony constituted "unfair surprise." Admission of this testimony allegedly deprived plaintiff of the opportunity to prepare for cross-examination, to obtain rebuttal experts, or to conduct the tests defendant's experts found dispositive of the epilepsy issue. Plaintiff urges that the jury verdict necessarily must have been based upon the testimony of defendant's epilepsy experts, so that the prejudicial effect of that testimony is clear.

█ Unfair surprise "does not warrant a new trial unless it deprives the party of a fair hearing." *Brady v. Chemical Constr. Corp.,* 740 F.2d 195, 200 (2d Cir. 1984). The movant must show "reasonably

genuine surprise," *Air Et Chaleur, S.A. v. Janeway*, 757 F.2d 489, 495 (2d Cir.1985), which necessarily was "inconsistent with substantial justice" and which resulted in actual prejudice. Fed.R.Civ.P. 61; *see Conway v. Chemical Leaman Tank Lines, Inc.*, 687 F.2d 108 (5th Cir.1982).

Here a number of factors require denial of plaintiff's motion. First, plaintiff could have moved to continue the trial after learning of the substance of the experts' testimony but declined to do so. A number of courts have determined that moving for a continuance is a prerequisite to obtaining a new trial on the ground of unfair surprise. *See Melanson Co. v. Hupp Corp.*, 391 F.2d 902 (3d Cir.1968); *Moylan v. Siciliano*, 292 F.2d 704 (9th Cir.1961); *W.A. Wright, Inc. v. KDI Sylvan Pools, Inc.*, 569 F.Supp. 589 (D.N.J.1983), *aff'd*, 746 F.2d 215 (3d Cir.1984). The rationale for this requirement is that, "[l]itigants are required to be reasonably alert at trial in the protection of their own interests." *Moylan*, 292 F.2d at 705. Courts thus are reluctant to grant a party post-trial relief from purported prejudice which that party reasonably could have mitigated. This approach avoids wasteful use of judicial resources and unnecessary relitigation of claims. Accordingly, while the requirement is not "ironclad," *see Conway*, 687 F.2d at 112, plaintiff's failure to request a continuance is significant.

Second, plaintiff was on notice that her novel epilepsy claim would be a major point of contention. The Court and the parties discussed the epilepsy claim at length at several status conferences and hearings prior to trial. The Court may presume that plaintiff, being aware of defendant's intention to oppose the epilepsy claim, prepared for presentation of that claim and considered the type of medical proof needed to prevail on that claim. Moreover, plaintiff was notified of the defendant's intention to offer the expert testimony at least ten days prior to trial, leaving plaintiff adequate time to prepare for that testimony. Under these circumstances, the Court finds plaintiff's protestation of unfair surprise unconvincing. *See Air Et Chaleur, S.A.*, 757 F.2d at 495; *Brady*, 740 F.2d at 201; *Exx-on Corp. v. Exxene Corp.*, 696 F.2d 544, 548 (7th Cir.1983); *DeSantis v. Parker Feeders, Inc.*, 547 F.2d 357, 365 (7th Cir. 1976).

Finally, it is by no means clear that the jury's verdict on the epilepsy claim was based upon the testimony of Drs. Dennis and Potolicchio. The jury may have questioned the credibility of the testimony of the plaintiff and her experts, or it may have concluded that plaintiff's condition was not caused by the accident. On the basis of the evidence other than the expert testimony challenged here, the Court cannot say that the jury verdict was "seriously erroneous" or a "clear miscarriage of justice." *Chedd-Angier Production Co.*, 756 F.2d at 934; *see also Columbia Plaza Corp. v. Security National Bank*, 676 F.2d 780, 788 (D.C.Cir.1982).

Accordingly, it is by the Court this 2nd day of May, 1986,

ORDERED that plaintiff's motion be, and hereby is, denied.