959 F.2d 1101
 295 U.S.App.D.C. 97
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Georges Pierre JOLIGARD
v.
Gifty N. ADDY, State Farm Mutual Insurance Company, Appellant.
 No. 90-7186.
 United States Court of Appeals, District of Columbia Circuit.
 April 15, 1992.
 
 Before BUCKLEY, HARRY T. WILLIAMS and SENTELLE, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and was argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by this court that the judgment of the district court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 On December 22, 1987, Georges Pierre Joligard and Gifty Addy had a car collision in Virginia. Because Mrs. Addy had no insurance, Mr. Joligard filed suit against State Farm under his uninsured motorist policy. After a jury trial, he received a verdict of $75,000. State Farm appeals to this court seeking a new trial or an order of remittitur. The company finds four faults with the trial:
 
 
 5
 1. The trial judge allowed cross-examination of Mrs. Addy about a traffic citation she received because of the accident and argument relating to it.
 
 
 6
 2. After he chastised defense counsel, the trial judge denied a motion for mistrial because of possible prejudice.
 
 
 7
 3. After plaintiff's counsel stated in closing argument that his client would be satisfied with $150,000 verdict, the trial judge denied a motion for mistrial.
 
 
 8
 4. The trial judge failed to grant defendant's motion for remittitur.
 
 
 9
 We decline to mandate a new trial or enter an order of remittitur.
 
 
 10
 * FACTS
 
 
 11
 On the evening of December 22, 1987, a car driven by Gifty Addy collided with one driven by Georges Pierre Joligard near an entrance to a northern Virginia mall. Mrs. Addy testified at trial that she crossed three lanes of traffic to gain access to the mall. When she arrived in the far right lane, the entrance into the mall was blocked by another car. Her vehicle lay across the lane, and Mr. Joligard's vehicle crashed into her car. Mr. Joligard testified that Mrs. Addy's car arrived suddenly in his lane and that he did not have time to react.
 
 
 12
 The trial judge allowed Mr. Joligard's counsel to cross-examine Mrs. Addy on the issue of a citation and conviction she received because of the accident. Counsel also mentioned the citation in his closing argument. The judge, however, did not make reference to the citation in his instructions on negligence. State Farm's attorney protested this decision and preserved the question for appeal.
 
 
 13
 In closing argument, Mr. Joligard's counsel stated that a $150,000 verdict would be satisfactory. Counsel for State Farm objected and moved for a mistrial. The judge admonished Mr. Joligard's attorney, instructed the jury to disregard the remark and not to allow it to enter its damage calculation, and polled the jury to ensure that it would ignore the remark. Each juror nodded his or her assent. The jury deliberated less than an hour and awarded Mr. Joligard $75,000.
 
 
 14
 State Farm moved for a new trial or, in the alternative, for a reduction in the verdict through an order of remittitur. The company argued that the remarks to the jury by plaintiff's counsel that a $150,000 verdict would suffice were prejudicial and warranted a new trial. The court rejected this claim:
 
 
 15
 This Court believes that damages due to pain and suffering are not really susceptible to precise numerical definition, and should be left to the sound discretion of the jury. Despite this view, this Court is not prepared to hold that plaintiff's counsel's remark constituted reversible error in this case. It is clear the jury did not give counsel's statement much credence because the jury's verdict was substantially less than the figure suggested by counsel. To the extent that counsel's remark was inappropriate, it was cured by the Court's instruction.
 
 
 16
 Joligard v. State Farm Mut. Auto. Ins. Co., No. 88-2697, mem. op. at 2 (D.D.C. Oct. 29, 1990).
 
 
 17
 As to the motion for a reduction of the verdict, the company contended that Mr. Joligard incurred approximately $7,800 in out-of-pocket expenses, yet he won a $75,000 verdict. The court saw no merit in this argument either:
 
 
 18
 While this verdict may not be what the court would have reached had it sat as the finder of fact in this case, it cannot be said that the jury's conclusion was outside tolerable limits. The accident caused Mr. Joligard to suffer chest, neck, and back pain. These injuries necessitated $4,400 in medical bills. Much of Mr. Joligard's injury was not susceptible to treatment and is therefore not reflected in his medical expenses. Of particular significance is Mr. Joligard's testimony that he continues to suffer episodes of pain from his injury.
 
 
 19
 Id. at 3.
 
 CHOICE OF LAW
 
 20
 The trial court found that Virginia law applied on the question of liability. Federal courts in the District of Columbia, sitting under diversity jurisdiction, apply the District's choice of law rules. See Lee v. Flintkote Co., 593 F.2d 1275, 1278-79 n. 14 (D.C.Cir.1979). The District of Columbia employs the approach of the Restatement (Second) of Conflict of Laws § 145 (1971) in negligence cases. See Stancill v. Potomac Elec. Power Co., 744 F.2d 861, 864 n. 16 (D.C.Cir.1984). Under that analysis, Virginia law should apply in this case: Mr. Joligard and Mrs. Addy are residents of Virginia (although Mr. Joligard resided in the District of Columbia at the time of the accident), and the accident occurred in that state.
 
 
 21
 Some of the issues that State Farm raises on appeal, however, deal with questions that can be loosely termed courtroom procedure (the impact of improper argument and curative instructions for example). Under the doctrine of Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), if it does not "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State Court[,]" Guaranty Trust Co. v. York, 326 U.S. 99, 109 (1945), federal law should be used. As appellant's contentions focus more on trial management by a federal judge, and cannot be said to implicate the problems addressed by Erie, we will apply federal law to these questions. See, e.g., Waldorf v. Shuta, 896 F.2d 723, 743-44 (3d Cir.1990) (whether impermissible closing argument created prejudice determined under federal law).
 
 II
 
 22
 DECISION TO ADMIT TESTIMONY ON TRAFFIC CITATION
 
 
 23
 Evidentiary decisions by trial judges are generally reviewed under an abuse of discretion standard. See C. Wright and A. Miller, 11 Federal Practice and Procedure § 2818, at 119 (1973). State Farm contends that it was an abuse of discretion for the judge to allow cross-examination of Addy regarding her citation and references to her conviction in closing argument because the issue is inherently prejudicial--the jury would receive the mistaken impression that the magistrate's determination bound them in deciding the question of negligence. We agree that the trial judge overstepped the bounds of discretion in admitting the evidence. Virginia courts apply a
 
 
 24
 general rule [ ] that a judgment of conviction or acquittal in a criminal prosection does not establish in a subsequent civil action the truth of the facts on which it was rendered, ... and such judgment of conviction or acquittal is not admissible in evidence. Smith v. New Dixie Lines, 111 S.E.2d 434, 438 (Va.1959). Mrs. Addy's conviction before a state magistrate should not have been part of the evidence in the trial.
 
 
 25
 This does not mean that a new trial must be provided. In our view, the error did not prejudice State Farm's case in any significant way. Mrs. Addy's conviction touched on the question of her negligence. Ample evidence other than the conviction supports the jury's finding on liability. Mrs. Addy testified that she crossed three lanes of traffic and entered Mr. Joligard's lane without yielding the right of way. She claimed that she could not get out of the lane because a car blocked her path into a parking lot, but that she had seen the car before pulling into Mr. Joligard's lane. Trial transcript ("Trans.") Oct. 2, 1990, at 8, 27. Mr. Joligard provided a substantially similar account. He said that Mrs. Addy's car appeared in front of him as he drove in the far right lane and that he had less than a second to react. Trans., Oct. 1, 1990, at 46-55, 59.
 
 
 26
 We cannot find that the testimony and argument on this question so suffused the trial with prejudice that a new trial is required. Mr. Joligard's case for liability was powerful without reference to the citation. Further, the trial judge did not mention the conviction as a basis for finding negligence when instructing the jury. Therefore, the admission of this evidence constituted harmless error. See Jenkins v. Winchester Dep't of Social Services, 409 S.E.2d 16, 21 (Va.Ct.App.1991).
 
 IMPROPER CLOSING ARGUMENT
 
 27
 There is no question that counsel's remark that his client would be satisfied with a $150,000 verdict was improper. The trial judge told the jurors to disregard the statement and polled them to determine that they could put the remark aside in assessing damages. Because the jury deliberated only half an hour and awarded damages of exactly half of the amount mentioned, State Farm believes that the curative instruction failed and that prejudice requiring a mistrial resulted. We disagree. A virtually identical factual situation arose in Piper v. Andrews, 216 F.Supp. 758 (D.D.C.1963). There, counsel stated that the evidence justified a $100,000 verdict. The trial judge immediately instructed the jury to disregard the observation, and the plaintiff received a $20,000 verdict. The trial judge declined to grant a mistrial because there was no evidence of prejudice. Id. at 762. See also Smith v. National R.R. Passenger Corp., 856 F.2d 467, 470 (2d Cir.1988) (unless an inflammatory statement "created undue prejudice or passion which played upon the sympathy of the jury," there is no irreparable taint) (quotation marks omitted).
 
 
 28
 We believe that these cases embody a sensible rule. The trial judge's actions here must be presumed to have minimized the effect of counsel's improper argument. The fact that the jury awarded $75,000 in damages when counsel suggested $150,000 is too tenuous a basis for presuming prejudice and ordering a new trial. In our view, the judge's careful effort to limit the consequences of counsel's improper argument cured the error sufficiently to allow the trial to proceed to verdict.
 
 
 29
 SHOULD THE TRIAL COURT HAVE GRANTED REMITTITUR?
 
 
 30
 Our review of this question is bounded by two layers of deference: that owed by a trial judge to the jury, and that owed by a reviewing court to the judge on the firing line. First, the trial judge may only overturn a jury's award of damages on remittitur if he finds that the verdict
 
 
 31
 is beyond all reason, or ... is so great as to shock the conscience [or] ... is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate.
 
 
 32
 Jeffries v. Potomac Development Corp., 822 F.2d 87, 96 (D.C.Cir.1987) (quotation marks and citations omitted). See also Hogan v. Carter, 310 S.E.2d 666, 672 (Va.1983) (applying similar test). Second, the trial judge's denial of a motion for remittitur must be sustained unless it was an abuse of discretion. When
 
 
 33
 the jury finds a particular quantum of damages and the trial judge refuses to disturb its finding on the motion for a new trial ... an appellate court should be certain indeed that the award is contrary to all reason before it orders a remittitur or a new trial.
 
 
 34
 Taylor v. Washington Terminal Co., 409 F.2d 145, 148 (D.C.Cir.), cert. denied, 396 U.S. 835 (1969). See also Robinson v. Old Dominion Freight Line, Inc., 372 S.E.2d 142, 144 (Va.1988) (abuse of discretion standard applies).
 
 
 35
 Based on the broad deference traditionally granted in these cases, we cannot agree with State Farm that the trial judge should be overturned for denying remittitur. Like the trial judge, we might not have awarded the same verdict had we been the triers of fact in this matter. But we cannot say that the judge abused his discretion in finding that the award here was not "beyond all reason, or ... is so great as to shock the conscience [or] ... is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate." Jeffries, 822 F.2d at 96. Mr. Joligard submitted proof of medical expenses of $4,491 and damage to his car of $3,140. He testified as to the pain he suffered after the accident and its continued effects:
 
 
 36
 I still have ... quite a lot of pain. I try to reserve it ... by putting a board ... under my mattress. I have quite some pain to get off my bed. I have to use all kind of tricks. I've got to roll down, because if I make the effort ... by rising normally, I have quite acute pain in my back. And I cannot ... be seated for too long. It's very uncomfortable.
 
 
 37
 Trans., Oct. 1, 1990, at 43. He also claimed that he bought a special arm chair to ease his back pain and that he moderated some of his activities as a concession to his discomfort. Because some of the evidence supported the verdict, we do not find as a matter of law that the award was outside tolerable limits.
 
 
 38
 TRIAL JUDGE'S FAILURE TO GRANT A MISTRIAL BASED ON HIS
 
 CHASTISING OF DEFENDANT'S COUNSEL AT SIDEBAR
 
 39
 During trial, defense counsel objected on hearsay grounds to the entrance into evidence of medical bills and doctor's reports. The judge called the attorneys to the bench and asked why the issue had not been taken care of before trial. He added that defense counsel had "tried too many cases in this Court to realize that[.]" Trans., Oct. 1, 1990, at 27. Defense counsel then asked if the judge was directing the comments at him. The judge said yes. The judge later stated that defense counsel "[knew] better than what you're doing in this case." Id. at 28. State Farm's attorney then moved for a mistrial because the judge had criticized him in a loud voice at the sidebar.
 
 
 40
 We reject this claim. Nothing in the record indicates prejudice, or that the jury even heard these remarks. The remarks were mild and entirely appropriate. Thus, we affirm the trial judge's decision declining to award a new trial.
 
 III
 
 41
 For the reasons discussed herein, the jury's verdict will not be disturbed.