Christopher MANION, Plaintiff,

v.

AMERICAN AIRLINES, INC., Defendant.

Civ.A. No. 96–2094 DAR.

United States District Court, District of Columbia.

Sept. 29, 2003.

Randell Charles Ogg, Bode & Grenier, L.L.P., Washington, DC, for Plaintiff.

Roy Walter Krieger, Krieger & Zaid, PLLC, Washington, DC, for Defendant.

### *MEMORANDUM OPINION AND ORDER*

ROBINSON, United States Magistrate Judge.

Plaintiff, in this action, sought damages for personal injuries sustained during international travel on American Airlines Flight 294 on June 4, 1995.[1] A jury trial first commenced on April 8, 2002, and concluded on April 11, 2002. As a consequence of the misconduct of Defendant's counsel during the course of his closing argument, the undersigned granted Plaintiff's motion for mistrial. August 1, 2002 Memorandum and Order (Docket No. 122) at 1.

The second trial commenced on December 9, 2002, and concluded on December 12, 2002, when the jury found by a preponderance of

---

**1.** On September 29, 1997, the court (Sullivan, J.) held that this action is governed by the provisions of the Warsaw Convention, as modified by the Montreal Agreement, 31 Fed.Reg. 7302

(1966), and that Plaintiff, in order to recover, must prove that his injury was caused by an accident. *Manion v. American Airlines, Inc.,* 17 F.Supp.2d 1 (D.D.C.1997).

the evidence that an accident occurred during the flight, and that the accident was a proximate cause of Plaintiff's injury. Jury Verdict Form (Docket No. 142) at 1.[2]

Defendant now moves for judgment as a matter of law or, in the alternative, for a new trial. Defendant's Motion for Judgment as a Matter of Law Under Rule 50 or in the Alternative for a New Trial Under Rule 59 ("Defendant's Motion") (Docket No. 151). More specifically, Defendant maintains that it "timely moved" for judgment as a matter of law at the close of Plaintiff's case pursuant to Rule 50(a)(1) of the Federal Rules of Civil Procedure, and "timely renewed its Rule 50(a)(1) motion before the case was submitted to the jury." Defendant's Motion at 1–2. Defendant, in the alternative, moves for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure on the grounds that (1) the verdict "is against the clear weight of the evidence"; (2) Defendant "[was] irreparably prejudiced by the Court falsely stating to the jury that it should disregard a portion of Defendant's closing argument because it was false"; "and/or" (3) Defendant was similarly prejudiced "by Plaintiff's elicitation of testimony from Defendant's witness ... suggesting that Plaintiff's claims were covered by insurance." *Id.* at 6–7. In support of its motion, Defendant offers but two exhibits: (1) excerpts of the transcript of the trial testimony of Douglas Feldman, M.D., a board-certified otolaryngologist and Plaintiff's treating physician, and (2) excerpts of the transcript of (i) a discussion of preliminary matters on the final day of trial, and (ii) the closing argument of Defendant's counsel, followed by the Court's curative instruction.

Plaintiff, in his opposition, submits that "[Defendant] neglected to renew [its] Rule 50 motion *at the close of* all evidence[,]" and thereby waived its right to renew the motion post-trial. Plaintiff's Opposition to Defendant's Motion for Judgment as a Matter of Law Under Rule 50 or in the Alternative for a New Trial Under Rule 59 ("Plaintiff's Opposition") (Docket No. 156) at 1–2. Additionally, Plaintiff submits that Defendant's alternative motion for new trial should be denied because (1) there was sufficient evidence for the jury to find "that an 'unusual or unexpected event or happening'" occurred on Plaintiff's flight; (2) Plaintiff did not inject the issue of insurance; and (3) "the court properly corrected [D]efendant's counsel's misstatement during closing argument[.]" *Id.* at 1. Plaintiff offers as exhibits a summary of recent decisions in which "accident" is defined for purposes of the Warsaw Convention, and excerpts of transcripts of the testimony of Plaintiff, Dr. Feldman, and Abbey Aynian and Margaret Martin, both called by Defendant.

Defendant did not file a reply to Plaintiff's opposition.

## DISCUSSION

### *Rule 50*

■ Rule 50 of the Federal Rules of Civil Procedure provides, in pertinent part, that

[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

FED. R. CIV. P. 50(a)(1). The rule further provides that if the trial court does not grant a motion for judgment as a matter of law "made at the close of all the evidence," then the court is deemed to have submitted the action to the jury, subject to any subsequent determination of the issues presented by the motion. FED. R. CIV. P. 50(b). The movant may renew its motion for judgment as a matter of law in writing no later than 10 days after entry of judgment, and alternatively request a new trial pursuant to Rule 59. *Id.*

The District of Columbia Circuit applies "[t]he rule ... followed in the other courts of appeals" that

a party who moves for judgment after an opponent's opening statement or at the close of the opponent's evidence must ordi-

---

**2.** The parties stipulated that any award of damages to Plaintiff would be limited to the Warsaw Convention cap of $75,000. Joint Pre–Trial Statement (Docket No. 140) at 10.

narily reassert the motion at the close of all evidence or risk waiving the right to renew the motion under Rule 50(b) ... and the right to appellate review of the sufficiency of an opponent's evidence[.]

*Fredrick v. District of Columbia*, 254 F.3d 156, 160 (D.C.Cir.2001) (quoting § 9 James Wm. Moore, et al., *Moore's Federal Practice* § 50.20[3] (3d ed.2000)) (citations omitted). The District of Columbia Circuit has also observed that

[w]ith some exceptions courts of appeals hold that even if a defendant files a motion for judgment at the close of the plaintiff's case, the defendant must move for judgment as a matter of law *at the close of all evidence* in order to preserve lack of sufficient evidence as a ground for appeal[.]

*Id.* (citations omitted)(emphasis supplied).

The undersigned finds that Defendant has failed to demonstrate that it complied with Rule 50 and the law of the District of Columbia Circuit by moving for judgment as a matter of law "at the close of the plaintiff's case," and renewing the motion "at the close of all evidence[.]" *See Fredrick*, 254 F.3d at 161. In its pending post-trial motion, Defendant asserts that it "timely moved" for judgment as a matter of law at the close of Plaintiff's case, but fails to offer either the transcript of any such motion and the Court's ruling on it, or any citation to a docket entry, in an effort to demonstrate that its counsel in fact did so. Plaintiff, in his opposition, allows that Defendant's counsel "made a vague Rule 50 [m]otion at the close of [P]laintiff's case[,]" Plaintiff's Opposition at 1; however, the obvious need for clarity notwithstanding, Defendant failed to file a reply.

Absent from Defendant's motion is any contention that its counsel moved for judgment as a matter of law "at the close of all evidence." Instead, Defendant asserts only that it "timely renewed is Rule 50(a)(1) motion before the case was submitted to the jury." Defendant's Motion at 2. Defendant again offers no transcript or citation to a docket entry in an effort to demonstrate that

any motion for judgment as a matter of law was timely renewed, or that the renewed motion "[was taken] under advisement until a copy of the transcript could be obtained." *See* Defendant's Motion at 2. Even more startling, Defendant, by its failure to file a reply, entirely ignores Plaintiff's contention that Defendant's counsel "neglected to renew his Rule 50 motion *at the close of* all evidence." Plaintiff's Opposition at 1.[3]

As Defendant has failed to "come up with some exception to the requirement that a Rule 50 motion be renewed at the close of all evidence[,]" *Fredrick*, 254 F.3d at 162, its post-trial motion for judgment as a matter of law must be denied.

### Rule 59

■ Rule 59 of the Federal Rules of Civil Procedure provides, in pertinent part, that

[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States[.]

FED. R. CIV. P. 59(a). This court has held that in order to preserve the function of the jury in our system of jurisprudence, "courts should not grant new trials without a solid basis for doing so." *Webb v. Hyman*, 861 F.Supp. 1094, 1109 (D.D.C.1994) (citation omitted). *See also Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C.Cir.1997) (when a new trial is ordered on the ground that the verdict is against the weight of the evidence, the trial court "takes over, if he does not usurp, the prime function of the jury as the trier of the facts.") (citation and internal quotations omitted). Thus,

as a general practice, "a Rule 59(a) motion should be granted only where the court is convinced that the jury verdict was a 'seriously erroneous result' and where denial of the motion will result in a 'clear miscarriage of justice.'"

---

**3.** No authority holds that the trial court, in deciding a post-trial motion for judgment as a matter of law, is required to parse through transcripts in order to determine whether the party

which seeking post-trial relief moved for judgment as a matter of law at the close of the opposing party's case, and then timely renewed the motion.

*Id.* at 1109–1110 (quoting *Sedgwick v. Giant Food, Inc.,* 110 F.R.D. 175, 176 (D.D.C.1986)) (citations omitted). The burden of showing that a new trial is warranted in accordance with this rigorous standard rests with the moving party. 11 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 2803 (2d ed.1995); *cf. Webb,* 861 F.Supp. at 1109 (motion for new trial denied where movants failed to discharge their "heavy burden" of showing "that significantly prejudicial or improper errors were made[.]"). The determination of a motion for new trial pursuant to Rule 59 rests in the sound discretion of the trial court, and may be reviewed only for abuse of discretion. *E.g., Langevine,* 106 F.3d at 1023 (citations omitted); 11 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 2803 (2d ed.1995).

The first ground on which Defendant seeks a new trial—that the verdict is against the weight of the evidence—is but an invitation for this Court to "[take] over if ... not usurp, the prime function of the jury as the trier of the facts." *See Langevine v. District of Columbia,* 106 F.3d at 1023. Indeed, the District of Columbia Circuit has cautioned that even "a trial court's disagreement with the jury on the credibility of witnesses does not justify the granting of a new trial." *Id.* (citation omitted).[4]

The court finds Defendant's arguments with respect to the second ground on which a new trial is sought—that Defendant was "irreparably prejudiced" by the Court "falsely stating to the jury that [Defendant's] counsel had made a false statement during closing

argument"—is entirely specious. Defendant's own exhibit demonstrates that its counsel, during his closing argument, referred to matters which concerned discovery and other pretrial proceedings, and were not properly before the jury.[5] More importantly, the record herein is replete with references which demonstrate that the statements which occasioned the curative instruction were false.[6] The two-sentence curative instruction was confined to counsel's misrepresentation, and included no reference to Defendant by which Defendant could have been prejudiced.[7] *See Joligard v. Addy,* 959 F.2d 1101, 1992 WL 78069, *3–4 ("[t]he trial judge's actions [in giving a curative instruction] must be presumed to have minimized the effect of counsel's improper argument."). The Court finds that the instruction occasioned no "irreparable prejudice," and that Defendant's arguments to the contrary are wholly conclusory.

Finally, the Court finds that Defendant has not demonstrated that a new trial is warranted by reason of "Plaintiff's elicitation of testimony that the instant claim was being handled by its insurance department." Defendant submits that Plaintiff elicited such testimony during his cross-examination of Margaret Martin. However, Defendant has not identified any question posed by Plaintiff's counsel which elicited any testimony regarding insurance; indeed, the only references by Ms. Martin to "claims" and "adjustors" was in response to questions posed by Defendant's counsel.[8] Moreover, Defendant does not suggest that Ms. Martin ever ut-

---

4. Defendant's reliance on *Daubert* in support of its post-trial motion to strike the testimony of Dr. Feldman, Plaintiff's treating physician (Defendant's Motion at 7) is wholly misplaced. Defendant never moved in advance of trial to exclude Dr. Feldman's trial testimony on *Daubert* grounds. Defendant's sole *Daubert* motion addressed the proposed testimony of Plaintiff's aviation expert, Michael K. Hynes. Defendant's Motion in Limine to Exclude Expert Testimony Under *Daubert* Standard (Docket No. 103); *see* Defendant American Airlines, Inc.'s Motion to Strike the Affidavit of Michael K. Hynes in Connection with Defendant's Second Renewed and Supplemental Motion for Summary Judgment Dated April 30, 2003 (Docket No. 59).

5. Defendant's Motion, Exhibit 2, page 167, lines 10–13, 19–21.

6. *Manion,* 17 F.Supp.2d at 3; Memorandum in Support of Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents (Docket No. 11) at 12–14; Plaintiff's Reply in Support of his Motion to Compel Answers to Interrogatories and Production of Documents (Docket No. 14) at 1–2; Report to Magistrate Judge Robinson Regarding Discovery (Docket No. 29) at 1–7; and Memorandum in Support of Plaintiff's Revised Motion to Compel Production of Documents (Docket No. 34) at 1–4.

7. Defendant's Motion, Exhibit 2, page 191, lines 5–11.

8. Plaintiff's Opposition, Exhibit F.

tered the word "insurance" during her direct testimony or on cross-examination.

In sum, Defendant has failed to identify any "significantly prejudicial or improper errors" in the conduct of the trial. Defendant thereby fails in its effort to demonstrate that a new trial is warranted. *Webb,* 861 F.Supp. at 1109.

## CONCLUSION

For the foregoing reasons, it is, this _____ day of September, 2003,

**ORDERED** that Defendant's Motion for Judgment as a Matter of Law Under Rule 50 or in the Alternative for a New Trial Under Rule 59 (Docket No. 151) is **DENIED**.

