Michell Graves WARREN, Plaintiff,

v.

Tommy THOMPSON, Secretary, United States Department of Health and Human Services, Defendant.

No. CIV.A.00–0944 DAR.

United States District Court, District of Columbia.

Sept. 16, 2004.

John F. Karl, Jr., Karl Wayne Carter, Jr., Washington, DC, for Plaintiff.

Robin M. Earnest, Mary Jane Rieser, Edward Alkalay, Gail A. Perry, Daria Jean Zane, U.S. Attorney's Office, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

DEBORAH ANN ROBINSON, United States Magistrate Judge.

Plaintiff's Motion for New Trial (Docket No. 101) is pending for determination by the undersigned. Upon consideration of the motion, the memoranda in support thereof and in opposition thereto and the entire record herein, Plaintiff's motion will be denied.

### BACKGROUND

Plaintiff, in her amended complaint, alleged that Defendant "systematically and

continuously violated her statutory rights by discriminating against her on the basis of her race, and for retaliation" in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* First Amended Complaint for Declaratory, Injunctive, and Monetary Relief Arising from Employment Discrimination on the Basis of Race and Retaliation ("Amended Complaint") ¶ 2. By an order entered on January 31, 2003, the undersigned granted Defendant's Partial Motion to Dismiss, or in the Alternative, for Summary Judgment. *See* January 31, 2003 Memorandum Opinion and Order (Docket No. 94).

A jury trial commenced on February 3, 2003 on the claims of discrimination and retaliation alleged in paragraphs 29, 30, 32 (last sentence), 39, 40 and 41 of Plaintiff's amended complaint. *See* January 14, 2003 Final Pretrial Order (Docket No. 77) at 2.[1] At the close of the Plaintiff's case in chief, the undersigned granted Defendant's Rule 50 motion for judgment as a matter of law with respect to Plaintiff's discrimination claims. On February 7, 2003, the jury returned a verdict for the Defendant with respect to Plaintiff's retaliation claims. Judgment was entered for Defendant on February 21, 2003.

Plaintiff now requests that this action "be returned to U.S. District Judge Richard W. Roberts, to whom the case was initially assigned." Memorandum of Points and Authorities in Support of Plaintiff's Motion for New Trial ("Plaintiff's Memorandum") at 1. Plaintiff submits that because the parties never filed a "notice of consent" in accordance with Local Civil Rule 73.1(b), the assignment of this case to the undersigned is "void." *Id.* at 2. Plaintiff, in the alternative, moves for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. First, Plaintiff submits that the court erred in dismissing her discrimination claims "because there was sufficient evidence from which the jury could have found discrimination." *Id.* at 3–4. Second, Plaintiff asserts that she "is entitled to a new trial because the court excluded probative evidence that resulted in a verdict that was contrary to all of the relevant evidence and a miscarriage of justice." *Id.* at 1.

Defendant, in his opposition, submits that "there is no question that the parties clearly and unambiguously indicated their consent in writing when they executed their Joint Meet and Confer Statement pursuant to LcvR 16.3[.]" Defendant's Opposition to Motion for New Trial ("Defendant's Opposition") at 4.[2] Second, Defendant contends that the Court properly granted Defendant's motion for judgment as a matter of law with respect to Plaintiff's discrimination claims. *Id.* at 6–9. With respect to the remainder of the contentions advanced by Plaintiff, Defendant asserts that the court's determinations were all proper exercises of the court's discretion regarding evidentiary matters. *Id.* at 9–17.

## DISCUSSION

### Consent to Proceed Before a Magistrate Judge

Section 636 of Title 28 of the United States Code provides, in pertinent part, that

> [u]pon the consent of the parties, a full-time United States magistrate judge ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court[.]

1. In paragraphs 29 and 30, Plaintiff alleged that on September 14, 1999, her supervisor lost control of his temper and then denied that he had behaved in a threatening manner. Amended Complaint ¶¶ 29–30. In the last sentence of paragraph 32 and in paragraph 39, Plaintiff alleged that on February 3, 2000, Defendant issued a notice of proposed suspension which blamed her for the September 14, 1999 incident. *Id.* ¶¶ 32, 39. In paragraph 40, Plaintiff alleged that the decision to suspend her for 14 calendar days "was the direct result of her reporting the September 14, 2000[sic] altercation with [her supervisor] and was made for discriminatory and retaliatory reasons." *Id.* ¶ 40. Further, in paragraph 41, Plaintiff alleged that the suspension caused her to lose eight hours of leave. *Id.* ¶ 41.

2. In a Notice of Relevant Decision (Docket No. 118), Defendant relied upon the recent decision of the Supreme Court in *Roell v. Withrow,* 538 U.S. 580, 123 S.Ct. 1696, 155 L.Ed.2d 775 (2003), for the proposition that "[P]laintiff's appearance before [the undersigned] for a trial on the merits of her claims supplies the necessary consent[.]" Notice of Relevant Decision at 1–2.

28 U.S.C. § 636(c)(1). Further, 28 U.S.C. § 636(c)(2) provides that

> [i]f a magistrate judge is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, either the district court judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in so doing, shall also advise the parties that they are free to withhold consent without adverse substantive consequences. Rules of court for the reference of civil matters to magistrate judges shall include procedures to protect the voluntariness of the parties' consent.

28 U.S.C. § 636(c)(2).

Rule 73 of the Federal Rules of Civil Procedure provides that

> [w]hen a magistrate judge has been designated to exercise civil trial jurisdiction, the clerk shall give written notice to the parties of their opportunity to consent to the exercise by a magistrate judge of civil jurisdiction over the case, as authorized by Title 28, U.S.C. § 636(c). If, within the period specified by local rule, the parties agree to a magistrate judge's exercise of such authority, they shall execute and file a joint form of consent or separate forms of consent setting forth such election.

FED. R. CIV. P. 73(b). This court's local rule provides that

> "[t]he Clerk shall notify the parties of their voluntary right to consent to assignment of a civil case to a magistrate judge as soon as practicable after the action is filed. If the parties consent to such an assignment, a notice of consent signed by the parties or their attorneys shall be filed with the Clerk."

LCvR 73.1(b).

■ The Supreme Court, interpreting 28 U.S.C. § 636(c)(1) and Rule 73(b) of the Federal Rules of Civil Procedure, recently held that in the absence of written consent, implied consent may be accepted "where ... the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge." *Roell*, 538 U.S. at 590, 123 S.Ct. 1696. The Supreme Court observed that "strict insistence on the express consent requirement embodied in § 636(c)(2)" would create "the risk of a full and complicated trial wasted at the option of an undeserving and possibly opportunistic litigant." *Id.*

■ In the Joint Meet and Confer Statement filed by counsel for the parties in the instant case, counsel state that "[t]he parties do no object to assigning this case to a magistrate judge for all purposes." Joint Meet and Confer Statement (Docket No. 9) ¶ 3. A status hearing was conducted by the assigned district judge on December 18, 2000. On December 22, 2000, the Clerk of the Court included in the court jacket a notice captioned "Case Reassigned to a Magistrate Judge[,]" in which the Clerk advised that "[t]he above entitled action was reassigned to Magistrate Judge Deborah A. Robinson (MJ) for all purposes including trial[.]" On January 18, 2001, counsel appeared before the undersigned for a scheduling conference, and deadlines for further proceedings were set. January 19, 2001 Scheduling Order (Docket No. 11). Counsel who represented Plaintiff at trial entered his appearance by a praecipe filed on January 25, 2002. (Docket No. 32). Thereafter, the undersigned decided Defendant's dispositive motion,[3] held the pretrial conference,[4] ruled on the motions in limine,[5] and presided over the one-week jury trial.

In sum, Plaintiff's trial counsel participated in most of the pretrial proceedings and the entire trial, and never suggested that Plaintiff did not consent to proceed to trial before the undersigned. Consistent with *Roell*, the

---

**3.** *See* January 3, 2003 Memorandum Opinion and Order (Docket No. 94).

**4.** *See* January 14, 2003 Final Pretrial Order (Docket No. 77).

**5.** *See* January 31, 2003 Orders (Docket Nos. 91, 92, 93).

undersigned infers Plaintiff's consent from her participation, with the assistance of counsel, in all aspects of the litigation.[6]

### Motion for New Trial

■ Rule 59 of the Federal Rules of Civil Procedure provides, in pertinent part, that

[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States[.]

FED. R. CIV. P. 59(a). This court has held that "in order to preserve the function of the jury in our system of jurisprudence, 'courts should not grant new trials without a solid basis for doing so.'" *Manion v. American Airlines, Inc.,* 217 F.R.D. 276, 278 (D.D.C. 2003) (quoting *Webb v. Hyman,* 861 F.Supp. 1094, 1109 (D.D.C.1994)). Thus,

as a general practice, "a Rule 59(a) motion should be granted only where the court is convinced that the jury verdict was a 'seriously erroneous result' and where denial of the motion will result in a 'clear miscarriage of justice.'"

*Webb,* 861 F.Supp. at 1109–10 (quoting *Sedgwick v. Giant Food, Inc.,* 110 F.R.D. 175, 176 (D.D.C.1986)) (citations omitted). In addition, "[m]otions for a new trial 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Nyman v. Federal Deposit Insurance Corp.,* 967 F.Supp. 1562, 1569 (D.D.C.1997) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986)). Accordingly, "the standard for granting a new trial is not whether minor evidentiary errors were made in the course of a long trial, but rather whether there was a 'clear miscarriage of justice.'" *Dickerson v. HBO & Co.,* 1995 WL 767177, at *1 (D.D.C. December 21, 1995) (quoting *Sedgwick v. Giant Food, Inc.,* 110 F.R.D. at 176)

"The burden of showing that a new trial is warranted in accordance with this rigorous standard rests with the moving party." *Manion,* 217 F.R.D. at 279 (citing 11 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2803 (2d ed.1995)); *cf. Webb,* 861 F.Supp. at 1109 (motion for new trial denied where movants failed to discharge their "heavy burden" of showing "that significantly prejudicial or improper errors were made[.]"). The determination of a motion for new trial pursuant to Rule 59 rests in the sound discretion of the trial court, and may be reviewed only for abuse of discretion. *E.g., Langevine v. District of Columbia,* 106 F.3d 1018, 1023 (D.C.Cir.1997) (citations omitted); 11 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2803 (2d ed.1995).

### 1. Judgment as a Matter of Law With Respect to Plaintiff's Discrimination Claims

■ Plaintiff devotes but two pages of the memorandum in support of her motion to her argument that the undersigned erred in granting Defendant's Rule 50 motion for judgment as a matter of law with respect to Plaintiff's discrimination claims. *See* Plaintiff's Memorandum at 3–4. Plaintiff offers the conclusion that "[t]he trial judge erred in dismissing plaintiff's discrimination claims because there was sufficient evidence from which the jury could have found discrimination." *Id.* at 3. However, Plaintiff makes no effort to address the evidence received during her case in chief, or the inferences which might reasonably have been drawn from such evidence;[7] nor does Plaintiff even identify which of the findings the undersigned made on the record in ruling on Defendant's Rule 50 motion she now contends were erroneous or contrary to law. Instead, with no citation of authority, Plaintiff submits that "[t]he absence of a white comparator was not fatal as a matter of law to Ms. Graves Warren's complaint of discrimination[.]" Plaintiff's

---

6. The undersigned need not address the issue of whether the filing of a signed LCvR 16.3 report is sufficient to satisfy the requirements of LCvR 73.1(b).

7. Indeed, Plaintiff makes no reference to the trial transcripts, or to the exhibits received in evidence. A trial court is not required to "parse through transcripts" in an effort to identify the grounds of a post-trial motion. *See Manion,* 217 F.R.D. at 278 n. 3.

Memorandum at 3. The balance of Plaintiff's argument is largely a hyperbole-laden series of conclusions regarding her claims of discriminatory discipline.[8]

The undersigned thus concludes that Plaintiff has presented no basis for review of the determination, set forth by the undersigned on the record, of Defendant's Rule 50 motion. Accordingly, Plaintiff's motion for new trial on the ground that the court erred in "dismissing" her discrimination claims will be denied.

### 2. *Evidentiary Rulings*

Plaintiff submits that the court's exclusion of certain evidence "resulted in a miscarriage of justice." Plaintiff's Motion at 1. Plaintiff challenges three evidentiary rulings: (1) "initially excluding evidence and argument regarding the black banana hanging in a noose on Mr. Decker's door"; (2) the exclusion of evidence regarding the dimensions of Plaintiff's workspace and "her prior EEO complaints" as "background evidence"; and (3) the admission of Defendant's Exhibit 59A, an investigative report. Plaintiff's Memorandum at 4–10.

Defendant, in his opposition, maintains that the undersigned's rulings with respect to the challenged exclusion of two categories of evidence, and the challenged admission of an exhibit, were consistent with the Federal Rules of Evidence. Defendant's Memorandum at 9–17.

The undersigned finds that Plaintiff again fails to identify the error made by the undersigned with respect to the challenged evidentiary rulings. Again, Plaintiff relies upon a characterization of the evidence which is laced with invective and devoid of the context which citations to the trial transcripts would provide.[9]

The District of Columbia Circuit has held that the district court's evidentiary rulings are reviewed for abuse of discretion. *E.g., Ashcraft & Gerel v. Coady,* 244 F.3d 948, 952 (D.C.Cir.2001) (citing *Whitbeck v. Vital Signs, Inc.,* 159 F.3d 1369, 1371 (D.C.Cir. 1998)). Plaintiff neither alleges nor attempts to demonstrate any abuse of discretion as a consequence of the challenged evidentiary rulings.[10] Accordingly, the undersigned finds that Plaintiff has failed to demonstrate that she is entitled to a new trial on the basis of the challenged evidentiary rulings.

## CONCLUSION

For the forgoing reasons, the undersigned finds that plaintiff consented to trial before the undersigned, and that she now offers no ground warranting a new trial pursuant to Rule 59 of the Federal Rules of Evidence. It is, therefore,

**ORDERED** that Plaintiff's Motion for New Trial (Docket No. 101) is DENIED.

---

8. For example, Plaintiff claims that Defendant "was required to manufacture" grounds to support the challenged disciplinary action, and that there was ample evidence to support her characterization of her supervisor as "racist." Plaintiff's Memorandum at 3; *see also* Reply Memorandum in Support of Plaintiff's Motion for New Trial ("Plaintiff's Reply") at 1–2.

9. *See, e.g.,* Plaintiff's Memorandum at 4–7 (regarding the exclusion of evidence with respect to "the black banana hanging in a noose"); Plaintiff's Reply at 3–4 (regarding the exclusion of

evidence with respect to "the assignment [of Plaintiff] to a closet"); Plaintiff's Memorandum at 9–10 (regarding Defendant's alleged failure "to lay a proper foundation for the admission of [Defendant's Exhibit 59A]."). *See also* n. 7, *supra.*

10. The Circuit has advised that "[e]ven if we find error, we will not reverse an otherwise valid judgment unless appellant demonstrates that such error affected her 'substantial rights.'" *Whitbeck,* 159 F.3d at 1372 (citations omitted).