**Loni CZEKALSKI, Plaintiff,**

v.

**SECRETARY OF TRANSPORTATION, Defendant.**

**Civil Action No. 02–1403.**

United States District Court, District of Columbia.

Sept. 10, 2008.

David H. Shapiro, Ellen K. Renaud, Richard L. Swick, Swick & Shapiro, P.C., Washington, DC, for Plaintiff.

Quan K. Luong, U.S. Attorney's Office, Darrell C. Valdez, Washington, DC, for Defendant.

## MEMORANDUM ORDER

DEBORAH A. ROBINSON, United States Magistrate Judge.

Following a 10–day jury trial on Plaintiff's claims of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e seq., a jury returned a unanimous verdict which included the finding, *inter alia*, that Plaintiff failed to prove by a preponderance of the evidence that she suffered an adverse employment action as a result of her reassignment from the position of Director of the Office of Communications, Navigation and Surveillance Systems to that of Program Manager of the Year 2000 Program. *See* Verdict Form (Document No. 76–2) at 1.[1] Plaintiff now maintains that "the jury's finding that Czekalski did not suffer an adverse employment action was against the weight of the evidence[,]" and that a new trial should be granted. Plaintiff's Motion for a New Trial (Document No. 79) at 1. Plaintiff further maintains that "[t]he jury's erroneous finding may have been due to the court's failure to instruct the jury that a 'reassignment with significantly different responsibilities ... constitutes an adverse employment action.'" *Id.* at 3 (quoting *Czekalski,* 475 F.3d at 364). Finally, Plaintiff—with no citation to the trial transcripts or any other portion of the rec-

---

1. A panel of the District of Columbia Circuit reversed this court's grant of summary judgment with respect to this issue, and remanded this action with instructions to allow a jury to decide the question. *See Czekalski v. Peters,* 475 F.3d 360, 365 (D.C.Cir.2007). ("Whether a particular reassignment of duties constitutes an adverse action for purposes of Title VII is generally a jury question. The court may not take that question away from the jury if a reasonable juror could find that the reassignment left the plaintiff with significantly diminished responsibilities.") (citation omitted).

ord—maintains that the court erred "by permitting witnesses to offer their personal opinion [sic] that the reassignment was not a demotion[,]" and in seven enumerated respects, "deprived [her] of a fair and impartial trial[.]" *Id.* Plaintiff requests that the court order a new trial "[p]ursuant to Rule 59[.]"[2]

Defendant submits that Plaintiff has failed to demonstrate that a new trial is warranted by the applicable authorities. Defendant's Opposition to Plaintiff's Motion for a New Trial (Document No. 81) at 1, 6–7. More specifically, Defendant submits that this court heeded the instruction of the District of Columbia Circuit to submit to the jury the question of whether Plaintiff suffered an adverse employment action, and that the jury's finding with respect to that question was supported by the weight of the evidence. *Id.* at 1, 7–9. Finally, Defendant submits that Plaintiff's remaining claims are without merit. *Id.* at 9–10.

Plaintiff, in her reply, again advances the proposition that "the D.C. Circuit Court unequivocally stated that reassignment with significantly different responsibilities constitutes an adverse employment action." Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for a New Trial (Document No. 82) at 2 (citing *Czekalski*, 475 F.3d at 364).

## DISCUSSION

■ Rule 59(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—. . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed.R.Civ.P. 59(a)(1)(A); *see Alkire v. Marriott Int'l, Inc.*, No. CIV. A.03–1087, 2007 WL 1041660, at *4 (D.D.C. April 5, 2007). This court has held that "[a] court should only grant a motion for new trial pursuant to Rule 59 'where the court is convinced that the jury verdict was a seriously erroneous result and where denial of the motion will result in a clear miscarriage of justice.'" *Bowie v. Maddox*, 540 F.Supp.2d 204, 208 (D.D.C. 2008) (quoting *Nyman v. Fed. Deposit Ins. Corp.*, 967 F.Supp. 1562, 1569 (D.D.C.1997) (internal quotations omitted)); *see also Long v. Howard Univ.*, 512 F.Supp.2d 1, 6 (D.D.C.2007) ("Generally, a new trial may only be granted when a manifest error of law or fact is presented."). This court has held that in the consideration of a motion for a new trial following a trial by jury, "the court should be mindful of the jury's special function in our legal system and hesitate to disturb its findings." *Nyman*, 967 F.Supp. at 1569 (citation and internal quotations omitted). Accordingly, the court's discretion to order a new trial following a trial before a jury "is limited to those situations where the verdict represents a miscarriage of justice." *Alkire*, 2007 WL 1041660, at *4 (citation omitted).

■ "The burden of showing that a new trial is warranted in accordance with the rigorous standard rests with the moving party." *Manion v. American Airlines, Inc.*, 217 F.R.D. 276, 279 (D.D.C.2003) (citing 11 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 2803 (2d ed.1995)); *cf. Webb v. Hyman*, 861 F.Supp. at 1109 (D.D.C.1994) (motion for a new trial denied

---

**2.** Plaintiff does not identify the section of the rule pursuant to which she moves for a new trial. Moreover, Plaintiff offers no authorities in which the Rule 59 standards are articulated other than a citation to a 1996 opinion of the United States Supreme Court for the general proposition that "[t]he trial judge in the federal system has discretion to grant a new trial if the verdict is against the weight of the evidence." Plaintiff's Motion at 1 (citing *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 433, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996)).

where movants failed to discharge their "heavy burden" of showing "that significantly prejudicial or improper errors were made[.]").

Upon consideration of Plaintiff's motion, Defendant's opposition thereto, Plaintiff's reply and the entire record herein, Plaintiff's motion will be denied. The relative brevity of the undersigned's findings is entirely a function of the cursory attention given to the record by the Plaintiff. More specifically, the undersigned observes that the text of the motion and reply barely total five pages, and is largely bereft of citations to the record; additionally, the District of Columbia Circuit's decision in this very case—which provided the parameters for the trial—is quoted only selectively.[3]

■ Plaintiff's motion is predicated upon the assertion that the circuit "held that a 'reassignment with significantly different responsibilities ... constitutes an adverse employment action.'" Plaintiff's Motion for a New Trial at 1. However, Plaintiff omits from her discussion the pertinent holding of the circuit:

Whether a particular reassignment of duties constitutes an adverse action for purposes of Title VII *is generally a jury question.*

*Czekalski,* 475 F.3d at 365 (emphasis supplied).[4] The circuit did not, as Plaintiff suggests, hold "that a significant diminishment in duties is, as a matter of law, an adverse employment action." *See* Plaintiff's Motion for a New Trial at 2 (citing *Czekalski,* 475 F.3d at 364).[5]

■ Further frustrating a more searching evaluation of Plaintiff's motion is Plaintiff's failure to offer even a single citation to the trial transcripts, or to any other portion of the record, to support her claim that "the Court deprived Plaintiff of a fair and impartial trial[.]"[6] "A trial court is not required to 'parse through transcripts' in an effort to identify the grounds of a post-trial motion." *Warren v. Thompson,* 224 F.R.D. 236, 240 (D.D.C.2004) (quoting *Manion,* 217 F.R.D. at 278 n. 3). "The burden of showing that a new trial is warranted in accordance with the rigorous standard rests with the moving party." *Manion,* 217 F.R.D. at 279 (citations omitted). The undersigned finds, in accordance with the foregoing authorities, that Plaintiff has failed to discharge this burden.

## CONCLUSION

For the foregoing reasons, it is, this 10th day of September, 2008,

---

3. *E.g.,* Plaintiff's Motion for a New Trial at 3 (reciting at least nine claimed instances in which the court erred, or deprived Plaintiff of "a fair and impartial trial[,]" none of which are supported by citations to the transcripts or other portions of the record); *id.* at 1 (quoting selectively from the circuit's opinion in *Czekalski* ).

4. *See also* n. 1, *supra.*

5. Plaintiff asserts that "[b]ecause the drastic reduction in Ms. Czekalski's responsibilities was uncontroverted, the jury's finding of no adverse employment is against the weight of the evidence." Plaintiff's Motion for a New Trial at 2. However, contrary to the suggestion implicit in this assertion, a "drastic re-

duction in [a plaintiff's] responsibilities" does not compel a finding that the plaintiff suffered an adverse employment action for purposes of Title VII; instead, as the Circuit held, the issue of whether a particular reduction of duties constitutes an adverse employment action for purposes of Title VII "is generally a jury question." *Czekalski,* 475 F.3d at 365. Other than to complain of the court's failure to instruct the jury in a manner inconsistent with the holdings of the District of Columbia Circuit in this very case (Plaintiff's Motion for a New Trial at 3), Plaintiff alleges no error by the court which the court is able to evaluate. *See* n. 3, *supra.*

6. *See* n. 3, *supra.*

**ORDERED** that Plaintiff's Motion for a New Trial (Document No. 79) is **DENIED.**