**Wilhelmina F. PERRIN, Plaintiff,**

v.

**Hazel O'LEARY, Secretary U.S. Department of Energy, and Savannah River Operations Office, Defendants.**

No. Civ.A. 1:95–1481–6BC.

United States District Court, D. South Carolina, Aiken Division.

April 22, 1998.

**266**

Wilhelmina F. Perrin, Augusta, GA, pro se.

Barbara Murcier Bowens, Asst. U.S. Atty., Columbia, OH, for defendants.

### ORDER

SIMONS, Senior District Judge.

■ This matter comes before the court on plaintiff's Motion for a New Trial. In considering plaintiff's Motion, this court must view the evidence in the light most favorable to the prevailing party. Such a motion should be denied, unless there were substantial errors in evidentiary rulings or jury charges, or unless "the evidence, together with all inferences that can reasonably be drawn therefrom, is so one-sided that reasonable people could not disagree on the verdict." *Bennett Enterprises, Inc. v. Domino's Pizza, Inc.*, 45 F.3d 493, 497 (D.C.Cir.1995).

Plaintiff bases her Motion on the claim that the evidence was insufficient to support the jury's verdict; that evidence was not allowed regarding a pattern and practice of racial discrimination; and that this court refused certain of her requested jury charges and otherwise erroneously charged the jury.

■ Plaintiff's challenge regarding the evidence is without merit. The evidence clearly showed that the position of Total Quality Manager was not vacant during the time that the plaintiff was on her sixty (60) day detail. Further, plaintiff's letter to Peter Hekman and Mark N. Silverman advising them that she was interested in being promoted made no mention of the Total Quality Manager position, because there was no vacancy at that time. Plaintiff testified that she did not apply for the position of Total Quality Manager because she felt that Silverman would accuse her of plagiarism. There was no testimony from any of the witnesses that plaintiff was ever accused of plagiarism and no evidence of any alleged threat of exposure.

Further, there was no credible testimony that the plaintiff was not required to apply for the position. Instead, the evidence revealed that plaintiff elected not to apply because she felt that it was futile. Plaintiff provided no evidence that her decision not to submit an application was based on any intimidation or threat by Silverman. The evidence showed that the position of Total Quality Manager was a new position and was originally held by Judith Johns, a Native American, and thereafter was held by Paula Crumley, who obtained the position by application at the time that plaintiff elected not to apply. This evidence does not lead to an inference of racial discrimination.

Even though plaintiff introduced the testimony of Gil Gilyard that he felt it was futile for someone to apply for the Total Quality Manager position, since the person temporarily placed in the position usually received the position, Paula Crumley testified in the plaintiff's case-in-chief that she was not temporarily placed in the position, yet she was the successful candidate.

Plaintiff testified regarding the alleged tape recording and called one witness, Robert Caddell, for corroboration in that area of testimony. Plaintiff attempted to call Henry T. Harris in her case-in-chief regarding the tape recording, but had not secured his presence at the trial by subpoena. This court did not exclude Harris from testifying in the plaintiff's case-in-chief, but rather it was plaintiff who failed to make him available. The clear testimony from the two live witnesses was that there was a tape recorder, but neither witness could verify whether the tape recorder was on at the time of the alleged taping of plaintiff. Neither witness heard a tape recording and there was no evidence submitted during plaintiff's case creating a genuine issue of material fact for the jury to decide. Accordingly, this court properly granted defendant's Rule 50 Motion for Judgment as a Matter of Law with regard to this claim.

■ Plaintiff was given an opportunity to rebut the videotaped testimony of Mark N. Silverman. Plaintiff attempted to offer the hearsay testimony of Gil Gilyard in rebuttal

to Silverman's videotaped deposition. Gil Gilyard attempted to provide testimony about what Jean Guy told him about Silverman. This court properly excluded this testimony under Fed.R.Ev. 802 as hearsay for which no exception was available. Jean Guy was present in the court house, but was not called as a witness.

Plaintiff's case was not a disparate impact case, but rather was a disparate treatment action. Plaintiff's own testimony merely revealed that she was a black person who did not get a job for which she did not apply; it did not reveal that she did not get the job because she was black.

■ The defendant's burden is one of production, not persuasion. Silverman testified that he did not consider the plaintiff for the position because she did not apply for the position. To prevail, plaintiff must show that such a proffered reason is both false and that the employer intended to discriminate against plaintiff. *Parks v. Piedmont Technical College,* 76 F.3d 374, (4th Cir.1996). Here, plaintiff produced no evidence that the proffered reason was both false and that the employer intended to discriminate against her.

■ Plaintiff further complains that her witness list of thirty (30) witnesses was reduced to six (6) witnesses. Plaintiff listed numerous witnesses whose anticipated testimony, as stated by the plaintiff, included testimony on matters that had been previously dismissed by this court. Therefore, this court directed plaintiff that cumulative testimony on the two remaining issues in the case would not be heard. Pursuant to this court's long-standing rule, plaintiff was allowed to tender any witnesses in excess of three on a given issue.

Plaintiff also contends that this court erred in refusing certain of her jury charge requests, and in charging the jury on principles relating to potential defenses. This court has considered plaintiff's claims relating to its jury charge, but it concludes that, for the reasons stated at trial, there was no error either in rejecting the requests cited by plaintiff or in the text of the charge delivered to the jury.

A new trial should be granted only where the court is convinced the jury verdict was a "seriously erroneous result" and where denial of the motion will result in a "clear miscarriage of justice." *Sedgwick v. Giant Food, Inc.,* 110 F.R.D. 175, 176 (D.D.C.1986). Furthermore, "[T]he standard for granting a new trial is not whether minor evidentiary errors were made," but rather, whether there was a "clear miscarriage of justice." 9 Moore's Federal Practice, Paragraph 204.12[1] at 4–67 (1987). Here, this court concludes that the jury reached the correct result, and there has been no miscarriage of justice. Motions for a new trial "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986). Plaintiff herein has failed to establish a manifest error of law or fact and has not produce any newly discovered evidence. For the reasons set out above, her Motion for a New Trial is denied.

***AND IT IS SO ORDERED.***